1  GREGORY P. STONE (SBN 078329)
   *gregory.stone@mto.com*
2  HEATHER E. TAKAHASHI (SBN 245845)
   *heather.takahashi@mto.com*
3  MUNGER, TOLLES & OLSON LLP
   355 South Grand Avenue, 35th Floor
4  Los Angeles, CA 90071-1560
   Telephone: (213) 683-9100
5  Facsimile: (213) 687-3702

6

7  PETER A. DETRE (SBN 182619)
   *peter.detre@mto.com*
8  MUNGER, TOLLES & OLSON LLP
   560 Mission Street, 27th Floor
9  San Francisco, CA 94105
   Telephone: (415) 512-4000
10 Facsimile: (415) 512-4077

11

12 Attorneys for Plaintiff
   RAMBUS INC.

**FILED**

2010 DEC -1  P 1:21

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**E-filing**

13          **UNITED STATES DISTRICT COURT**
14          **NORTHERN DISTRICT OF CALIFORNIA**

*RS*

15

16 RAMBUS INC.,                         CASE NO. **CV10   5437**

17                Plaintiff,            **COMPLAINT FOR PATENT
                                        INFRINGEMENT**
18        v.
                                        **DEMAND FOR JURY TRIAL**
19 BROADCOM CORPORATION,

20                Defendant.

21

22

23

24

25

26

27

28

12428098.1

Complaint for Patent Infringement
and Jury Demand
Case No. ____

Plaintiff Rambus Inc. ("Rambus") states the following as its Complaint against Defendant Broadcom Corporation ("Broadcom"):

## I.

## THE PARTIES

1.     Plaintiff Rambus is a Delaware corporation with its principal place of business at 1050 Enterprise Way, Sunnyvale, California 94089.

2.     Rambus is informed and believes, and thereupon alleges, that defendant Broadcom is a California corporation with its headquarters located at 5300 California Avenue, Irvine, California 92617. Upon information and belief, Broadcom has substantial contacts and transacts substantial business, either directly or through its agent, on an ongoing basis in this judicial district and elsewhere in the United States. For example, upon information and belief, Broadcom maintains a major office and conducts business at 190 Mathilda Place, Sunnyvale, California 94086, and conducts business at additional offices in San Jose and Santa Clara, California.

3.     Unless specifically stated otherwise, the acts complained of herein were committed by, on behalf of, and/or for the benefit of Broadcom.

## II.

## NATURE OF THE ACTION

4.     This is an action for patent infringement.

5.     Rambus is informed and believes, and thereupon alleges, that Broadcom has been and/or is infringing, contributing to the infringement of, and/or actively inducing others to infringe claims of U.S. Patent No. 6,034,918 (the "'918 Patent"), U.S. Patent No. 6,038,195 (the "'195 Patent"), U.S. Patent No. 6,260,097 (the "'097 Patent"), U.S. Patent No. 6,304,937 (the "'937 Patent"), U.S. Patent No. 6,426,916 (the "'916 Patent"), U.S. Patent No. 6,470,405 (the "'405 Patent"), U.S. Patent No. 6,542,555 (the "'555 Patent"), U.S. Patent No. 6,564,281 (the "'281 Patent"), U.S. Patent No. 6,584,037 (the "'037 Patent"), U.S. Patent No. 6,591,353 (the "'353 Patent"), U.S. Patent No. 6,715,020 (the "'020 Patent"), U.S. Patent No. 6,751,696 (the "'696 Patent"), U.S. Patent No. 7,099,404 (the "'404 Patent"), U.S. Patent No. 7,209,997 (the "'997 Patent"), U.S. Patent No. 7,287,109 (the "'109 Patent"), U.S. Patent No. 7,580,474 (the "'474

Complaint for Patent Infringement
and Jury Demand
Case No. _____

1   Patent"), U.S. Patent No. 7,602,857 (the "'857 Patent"), U.S. Patent No. 7,602,858 (the "'858

2   Patent"), and U.S. Patent No. 7,715,494 (the "'494 Patent") (collectively the "Asserted Patents").

3                                         **III.**

4                          **JURISDICTION AND VENUE**

5       6.      This action arises under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*,

6   including 35 U.S.C. § 271. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331

7   and 1338(a).

8       7.      This Court has personal jurisdiction over Broadcom because Broadcom has

9   substantial contacts and conducts business in the State of California and in this judicial district, and

10  has been infringing, contributing to the infringement of and/or actively inducing others to infringe

11  claims of the Asserted Patents in California and elsewhere.

12      8.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b), 1391(c), 1391(d)

13  and/or 1400(b) because a substantial part of the events giving rise to Rambus's claims occurred in

14  the Northern District of California and because Broadcom is subject to personal jurisdiction in the

15  Northern District of California.

16                                        **IV.**

17                          **FACTUAL BACKGROUND**

18  **A.    Rambus**

19      9.      Rambus is one of the world's leading designers of semiconductor interface

20  technologies that are used in a broad range of consumer, computing, and communications

21  applications. In addition to the development of high-speed interfaces, Rambus's breakthrough

22  technology and unparalleled engineering expertise have solved the most challenging interface

23  problems and have brought industry-leading products to market. Rambus's interface solutions have

24  enabled state-of-the-art performance in many products, such as personal computers, workstations,

25  servers, gaming consoles, televisions, Blu-ray players, set-top boxes, printers, video projectors,

26  network switches, modems, routers, mobile phones, and graphics cards.

27      10.     In the late 1980s, Michael Farmwald and Mark Horowitz, the founders of Rambus,

28  recognized and set out to solve the "memory bottleneck problem," the failure of memory interfaces

12428098.1                                  3                        Complaint for Patent Infringement
                                                                        and Jury Demand
                                                                        Case No. _____

1 | to keep pace with the exponential growth in microprocessor speed. Farmwald and Horowitz's
2 | inventions enabled a dynamic random access memory (DRAM) memory architecture that achieved
3 | data transmission rates of 500 megahertz, at a time when other DRAM chips were running in the
4 | range of 20-30 megahertz.

5 | 11.    Since its founding in 1990, Rambus has continued to design, develop, market, and
6 | license its high speed interface technology. Rambus's inventions include new memory devices, new
7 | controllers for controlling such memory devices, and new systems incorporating those memory
8 | devices and memory controllers. Rambus's inventions also include new transmitters and receivers
9 | and interface technology.

10 | 12.    Rambus has made large-scale investments in the exploitation of its technology and a
11 | large number of companies have paid for licenses to its patents. Rambus has granted licenses of
12 | varying scope to its technology to many of the world's largest semiconductor manufacturers.

13 | 13.    Since 1990, Rambus has spent millions of dollars on research and development of its
14 | valuable technology. Rambus relies on the United States patent system to protect the technology
15 | resulting from its research and development. Rambus's continued success depends on its research
16 | and development of memory interface and other solutions, as well as the protection of intellectual
17 | property in its innovative technology.

18 | **B.    Asserted Patents**

19 | 14.    On April 18, 1990, U.S. Patent Application No. 07/510,898 was filed naming Michael
20 | Farmwald and Mark Horowitz as inventors. The Asserted Patents claiming priority to this
21 | application are referred to herein as the "Farmwald/Horowitz Patents."

22 | 15.    On October 19, 1995, U.S. Patent Application No. 08/545,292 was filed naming
23 | Richard M. Barth and other individuals as inventors. The Asserted Patents claiming priority to this
24 | application are referred to herein as the "Barth Patents."

25 | 16.    On June 20, 1997, U.S. Provisional Patent Application No. 60/050,098 was filed, on
26 | June 23, 1997, U.S. Patent Application No. 08/880,980 was filed, and on June 25, 1997, U.S. Patent
27 | Application No. 08/882,252 was filed, each naming William J. Dally as inventor. The Asserted
28 | Patents claiming priority to these applications are referred to herein as the "Dally Patents."

1

### 1. Farmwald/Horowitz Patents

2      17.    On March 7, 2000, U.S. Patent No. 6,034,918, titled "Method of Operating a Memory

3 Having a Variable Data Output Length and a Programmable Register," was duly and legally issued

4 to Rambus, as assignee of named inventors Michael Farmwald and Mark Horowitz.

5      18.    On March 14, 2000, U.S. Patent No. 6,038,195, titled "Synchronous Memory Device

6 Having a Delay Time Register and Method of Operating Same," was duly and legally issued to

7 Rambus, as assignee of named inventors Michael Farmwald and Mark Horowitz.

8      19.    On July 10, 2001, U.S. Patent No. 6,260,097, titled "Method and Apparatus for

9 Controlling a Synchronous Memory Device," was duly and legally issued to Rambus, as assignee of

10 named inventors Michael Farmwald and Mark Horowitz.

11      20.    On October 16, 2001, U.S. Patent No. 6,304,937, titled "Method of Operation of a

12 Memory Controller," was duly and legally issued to Rambus, as assignee of named inventors

13 Michael Farmwald and Mark Horowitz.

14      21.    On July 30, 2002, U.S. Patent No. 6,426,916, titled "Memory Device Having a

15 Variable Data Output Length and a Programmable Register," was duly and legally issued to

16 Rambus, as assignee of named inventors Michael Farmwald and Mark Horowitz.

17      22.    On May 13, 2003, U.S. Patent No. 6,564,281, titled "Synchronous Memory Device

18 Having Automatic Precharge," was duly and legally issued to Rambus, as assignee of named

19 inventors Michael Farmwald and Mark Horowitz.

20      23.    On June 24, 2003, U.S. Patent No. 6,584,037, titled "Memory Device Which Samples

21 Data After an Amount of Time Expires," was duly and legally issued to Rambus, as assignee of

22 named inventors Michael Farmwald and Mark Horowitz.

23      24.    On March 30, 2004, U.S. Patent No. 6,715,020, titled "Synchronous Integrated

24 Circuit Device," was duly and legally issued to Rambus, as assignee of named inventors Michael

25 Farmwald and Mark Horowitz.

26      25.    On June 15, 2004, U.S. Patent No. 6,751,696, titled "Memory Device Having a

27 Programmable Register," was duly and legally issued to Rambus, as assignee of named inventors

28 Michael Farmwald and Mark Horowitz.

1    26.    On April 24, 2007, U.S. Patent No. 7,209,997, titled "Controller Device and Method

2    for Operating Same," was duly and legally issued to Rambus, as assignee of named inventors

3    Michael Farmwald and Mark Horowitz.

4    27.    The Farmwald/Horowitz Patents include claims directed to improving the

5    performance of memory controllers.

6    28.    At all relevant times, Rambus has been the owner of the entire right, title, and interest

7    in each of the Farmwald/Horowitz Patents.

8                     **2.    Barth Patents**

9    29.    On October 22, 2002, U.S. Patent No. 6,470,405, titled "Protocol for Communication

10   with Dynamic Memory," was duly and legally issued to Rambus, as assignee of Richard M. Barth

11   and the other inventors named therein.

12   30.    On July 8, 2003, U.S. Patent No. 6,591,353, titled "Protocol for Communication with

13   Dynamic Memory," was duly and legally issued to Rambus, as assignee of Richard M. Barth and the

14   other inventors named therein.

15   31.    On October 23, 2007, U.S. Patent No. 7,287,109, titled "Method of Controlling a

16   Memory Device Having a Memory Core," was duly and legally issued to Rambus, as assignee of

17   Richard M. Barth and the other inventors named therein.

18   32.    The Barth Patents include claims directed to improving the performance of memory

19   controllers.

20   33.    At all relevant times, Rambus has been the owner of the entire right, title, and interest

21   in each of the Barth Patents.

22                    **3.    Dally Patents**

23   34.    On April 1, 2003, U.S. Patent No. 6,542,555, titled "Digital Transmitter With

24   Equalization," was duly and legally issued to the Massachusetts Institute of Technology ("MIT"), as

25   assignee of named inventor William J. Dally.

26   35.    On August 29, 2006, U.S. Patent No. 7,099,404, titled "Digital Transmitter," was

27   duly and legally issued to MIT, as assignee of named inventor William J. Dally.

28

36.     On August 25, 2009, U.S. Patent No. 7,580,474, titled "Digital Transmitter," was duly and legally issued to MIT, as assignee of named inventor William J. Dally.

37.     On October 13, 2009, U.S. Patent No. 7,602,857, titled "Digital Transmitter," was duly and legally issued to MIT, as assignee of named inventor William J. Dally.

38.     On October 13, 2009, U.S. Patent No. 7,602,858, titled "Digital Transmitter," was duly and legally issued to MIT, as assignee of named inventor William J. Dally.

39.     On May 11, 2010, U.S. Patent No. 7,715,494, titled "Digital Transmitter," was duly and legally issued to MIT, as assignee of named inventor William J. Dally.

40.     The Dally Patents include claims directed to improving the performance of digital communications.

41.     At all relevant times, the Dally Patents have been owned by MIT. MIT has exclusively licensed the Dally Patents to Rambus, subject only to any rights retained by the United States federal government pursuant to 35 U.S.C. §§ 201-211, with the right to sublicense, and the right to prosecute any past, present, or future infringement of the Dally Patents.

## C.     Broadcom's Acts of Infringement

42.     Rambus is informed and believes, and thereupon alleges, that Broadcom has made, used, sold, imported and/or offered for sale, and/or continued to make, use, sell, import and/or offer for sale, products in the United States consisting of or including DRAM memory controllers, including SDR (Single Data Rate) memory controllers, DDR-type memory controllers (including DDR or Double Data Rate memory controllers, DDR2 or Double Data Rate 2 memory controllers, and DDR3 or Double Data Rate 3 memory controllers), GDDR-type memory controllers (including GDDR3 or Graphic Double Data Rate 3 memory controllers), and mobile and/or low power versions of the aforementioned memory controllers.

43.     Rambus is informed and believes, and thereupon alleges, that Broadcom has made, used, sold, imported and/or offered for sale, and/or continued to make, use, sell, import and/or offer for sale, products in the United States consisting of or including high-speed SerDes interfaces, including PCI Express peripheral interfaces.

1    44.    The aforementioned Broadcom products are hereinafter referred to collectively as the

2    "Accused Products." The Accused Products include at least products that are part of, for example,

3    Broadcom's Broadband Communications, Mobile & Wireless, and Network Infrastructure product

4    lines.

5    45.    Broadcom's making, use, sale, offers for sale, and/or importation of the Accused

6    Products in the United States constitute acts of direct infringement of the Asserted Patents.

7    46.    In early July 2006, Rambus contacted Broadcom regarding its unlicensed use of

8    Rambus's inventions. In a teleconference between the companies on July 21, 2006, Rambus

9    explained that a number of its patents were infringed by Broadcom's products and thus Broadcom

10   was required to take a license from Rambus. On July 24, 2006, Rambus followed up with

11   correspondence listing dozens of specific examples of Broadcom products using Rambus's patented

12   technology, including enterprise networking, broadband communications, and mobile and wireless

13   products. The companies then scheduled an in-person meeting to take place on August 23, 2006 at

14   Broadcom's headquarters in Irvine. However, Broadcom subsequently cancelled the meeting,

15   stating that it wished to postpone any meeting until after the United States Federal Trade

16   Commission (the "FTC") had issued a remedy in *In the Matter of Rambus, Inc*., FTC Docket No.

17   9302 (the "FTC Action"), in which the FTC had charged Rambus with anticompetitive conduct with

18   respect to its behavior as a member of the JEDEC standards-setting organization.

19   47.    On September 15, 2006, Broadcom, together with Freescale Semiconductor, Inc.,

20   submitted an amicus brief in the FTC Action (the "Amicus Brief"). In the Amicus Brief, Broadcom

21   admitted that Rambus had patents that read on methods and products implementing at least JEDEC's

22   SDRAM, DDR SDRAM, and DDR2 SDRAM standards. Broadcom explained to the FTC that

23   Broadcom's products that include memory controllers "themselves comply with the JEDEC

24   SDRAM standards" because they "must be compatible with the memory they are controlling," and

25   therefore are subject to Rambus's patents. Broadcom alleged that Rambus was acting unlawfully in

26   attempting to enforce its patents and that Broadcom was a "direct victim" of Rambus's conduct

27   because "Rambus already has asserted" patents that read on SDR, DDR, and DDR2 memory

28   controllers against Broadcom. Broadcom urged the FTC to prohibit Rambus from collecting

12428098.1                                    8                        Complaint for Patent Infringement
                                                                                and Jury Demand
                                                                                Case No. _____

1  royalties from companies like Broadcom whose products utilize Rambus's patented technology;

2  indeed, Broadcom told the FTC that such a remedy "is required" in order to prevent Rambus from

3  being "allowed to continue to enforce its patents against those that wish to practice the JEDEC

4  SDRAM standards to manufacture SDRAMs or complementary components such as

5  microprocessors."

6      48.    The FTC issued its final order on February 2, 2007, in which it declined to impose the

7  "no-enforcement" remedy advocated by Broadcom.  On April 22, 2008, the United States Court of

8  Appeals for the District of Columbia vacated even the lesser remedy the FTC had imposed, holding

9  that the FTC had failed to demonstrate that Rambus's conduct was unlawful.  *Rambus v. Fed. Trade*

10  *Comm'n*, 522 F.3d 456 (D.C. Cir. 2008).  The FTC ultimately dismissed its complaint against

11  Rambus.

12      49.    Rambus is informed and believes, and thereupon alleges, that despite the rejection of

13  its proposed "no enforcement" remedy, Broadcom continued its knowing infringement of Rambus's

14  patents even after the FTC's remedy order was issued and later vacated.

15      50.    Rambus is informed and believes, and thereupon alleges, that Broadcom's knowing

16  infringement continued despite further information regarding infringement provided by Rambus in

17  the course of attempting to negotiate a license with Broadcom that would fairly compensate Rambus

18  for Broadcom's use of patents owned or exclusively licensed by Rambus.  For example, on or about

19  December 6, 2006, Rambus provided information to Broadcom regarding the infringement of the

20  '916 Patent and other patents by Broadcom products.  On or about December 7, 2009, Rambus

21  provided information to Broadcom regarding the infringement of the '195 Patent, the '097 Patent,

22  the '937 Patent, the '916 Patent, the '281 Patent, the '037 Patent, the '020 Patent, the '696 Patent,

23  the '997 Patent, the '405 Patent, the '353 Patent, and the '109 Patent by Broadcom products.  On or

24  about September 29, 2010, Rambus provided information to Broadcom regarding the infringement

25  of the '555 Patent, the '474 Patent, the '857 Patent, the '858 Patent, and the '494 Patent by

26  Broadcom products.

27      51.    Rambus is informed and believes, and thereupon alleges, that Broadcom has sold or

28  offered to sell its Accused Products to third parties who incorporate the Accused Products into their

Complaint for Patent Infringement
and Jury Demand
Case No. _____

1   own products. Those third parties in turn have made, used, sold, offered for sale, and/or imported
2   and/or continue to make, use, sell, offer for sale, and/or import their own products in the United
3   States. These activities undertaken by the third parties constitute acts of direct infringement of the
4   Asserted Patents. The memory controllers and peripheral interfaces in Broadcom's Accused
5   Products are known by Broadcom to be especially made or especially adapted for use in
6   infringement of the Asserted Patents and are not staple articles or commodities of commerce suitable
7   for substantial non-infringing use. Broadcom has therefore contributed to and continues to
8   contribute to the infringement of the Asserted Patents.

9       52.     Rambus is informed and believes, and thereupon alleges, that, by its sales and/or
10  offers for sale of the Accused Products to third parties, Broadcom also has induced and continues to
11  induce acts by third parties that Broadcom knew or should have known would constitute direct
12  infringement of the Asserted Patents. Broadcom actively induces infringement of the Asserted
13  Patents by designing the Accused Products to be capable of infringement and by promoting and
14  encouraging the use of its products by the third parties in ways that infringe the Asserted Patents.

15      53.     Rambus is entitled to recover from Broadcom the actual damages it sustained as a
16  result of Broadcom's wrongful acts alleged herein under 35 U.S.C. § 284 in an amount to be proven
17  at trial, together with interest and costs.

18      54.     Rambus is informed and believes, and thereupon alleges, that Broadcom's
19  infringement of the Asserted Patents as set forth herein has been and is willful, deliberate and in
20  disregard of Rambus's patent rights, and Rambus is therefore entitled to increased damages up to
21  three times the amount of actual damages and attorneys' fees, pursuant to 35 U.S.C. §§ 284, 285.

22      55.     Broadcom's infringement of the Asserted Patents will continue to damage Rambus,
23  causing irreparable harm for which there is no adequate remedy at law, unless it is enjoined by this
24  Court.

25
26
27
28

12428098.1                                    10                        Complaint for Patent Infringement
                                                                                and Jury Demand
                                                                                Case No. _____

# V.

## CLAIMS FOR RELIEF

### COUNT I

**(Patent Infringement of U.S. Patent No. 6,034,918
Under 35 U.S.C. § 271, *et seq.*)**

56.     Rambus incorporates by reference and realleges paragraphs 1 through 55 above as though fully restated herein.

57.     Rambus is informed and believes, and thereupon alleges, that Broadcom:  (1) has infringed claims of the '918 Patent, literally and/or under the doctrine of equivalents, by making, using, offering to sell, selling (directly or through intermediaries), and/or importing Accused Products consisting of or including SDR, DDR-type, and/or GDDR-type memory controllers, and mobile and/or low power versions thereof, in this district and elsewhere in the United States, and/or (2) has contributed to the literal infringement and/or infringement under the doctrine of equivalents of claims of the '918 Patent, and/or has actively induced others to infringe claims of the '918 Patent, literally and/or under the doctrine of equivalents, in this district and elsewhere in the United States.

### COUNT II

**(Patent Infringement of U.S. Patent No. 6,038,195
Under 35 U.S.C. § 271, *et. seq.*)**

58.     Rambus incorporates by reference and realleges paragraphs 1 through 57 above as though fully restated herein.

59.     Rambus is informed and believes, and thereupon alleges, that Broadcom:  (1) has infringed claims of the '195 Patent, literally and/or under the doctrine of equivalents, by making, using, offering to sell, selling (directly or through intermediaries), and/or importing Accused Products consisting of or including SDR, DDR-type, and/or GDDR-type memory controllers, and mobile and/or low power versions thereof, in this district and elsewhere in the United States, and/or (2) has contributed to the literal infringement and/or infringement under the doctrine of equivalents of claims of the '195 Patent, and/or has actively induced others to infringe claims of the '195 Patent, literally and/or under the doctrine of equivalents, in this district and elsewhere in the United States.

Complaint for Patent Infringement
and Jury Demand
Case No. ____

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## COUNT III

### (Patent Infringement of U.S. Patent No. 6,260,097 Under 35 U.S.C. § 271, *et. seq.*)

60.     Rambus incorporates by reference and realleges paragraphs 1 through 59 above as though fully restated herein.

61.     Rambus is informed and believes, and thereupon alleges, that Broadcom: (1) has infringed claims of the '097 Patent, literally and/or under the doctrine of equivalents, by making, using, offering to sell, selling (directly or through intermediaries), and/or importing Accused Products consisting of or including DDR-type and/or GDDR-type memory controllers, and mobile and/or low power versions thereof, in this district and elsewhere in the United States, and/or (2) has contributed to the literal infringement and/or infringement under the doctrine of equivalents of claims of the '097 Patent, and/or has actively induced others to infringe claims of the '097 Patent, literally and/or under the doctrine of equivalents, in this district and elsewhere in the United States.

## COUNT IV

### (Patent Infringement of U.S. Patent No. 6,304,937 Under 35 U.S.C. § 271, *et. seq.*)

62.     Rambus incorporates by reference and realleges paragraphs 1 through 61 above as though fully restated herein.

63.     Rambus is informed and believes, and thereupon alleges, that Broadcom: (1) has infringed claims of the '937 Patent, literally and/or under the doctrine of equivalents, by making, using, offering to sell, selling (directly or through intermediaries), and/or importing Accused Products consisting of or including DDR-type and/or GDDR-type memory controllers, and mobile and/or low power versions thereof, in this district and elsewhere in the United States, and/or (2) has contributed to the literal infringement and/or infringement under the doctrine of equivalents of claims of the '937 Patent, and/or has actively induced others to infringe claims of the '937 Patent, literally and/or under the doctrine of equivalents, in this district and elsewhere in the United States.

## COUNT V

**(Patent Infringement of U.S. Patent No. 6,426,916
Under 35 U.S.C. § 271, *et. seq.*)**

64.     Rambus incorporates by reference and realleges paragraphs 1 through 63 above as though fully restated herein.

65.     Rambus is informed and believes, and thereupon alleges, that Broadcom: (1) has infringed claims of the '916 Patent, literally and/or under the doctrine of equivalents, by making, using, offering to sell, selling (directly or through intermediaries), and/or importing Accused Products consisting of or including SDR, DDR-type, and/or GDDR-type memory controllers, and mobile and/or low power versions thereof, in this district and elsewhere in the United States, and/or (2) has contributed and continues to contribute to the literal infringement and/or infringement under the doctrine of equivalents of claims of the '916 Patent, and/or has actively induced others to infringe claims of the '916 Patent, literally and/or under the doctrine of equivalents, in this district and elsewhere in the United States.

## COUNT VI

**(Patent Infringement of U.S. Patent No. 6,564,281
Under 35 U.S.C. § 271, *et. seq.)***

66.     Rambus incorporates by reference and realleges paragraphs 1 through 65 above as though fully restated herein.

67.     Rambus is informed and believes, and thereupon alleges, that Broadcom: (1) has infringed claims of the '281 Patent, literally and/or under the doctrine of equivalents, by making, using, offering to sell, selling (directly or through intermediaries), and/or importing Accused Products consisting of or including SDR, DDR-type, and/or GDDR-type memory controllers, and mobile and/or low power versions thereof, in this district and elsewhere in the United States, and/or (2) has contributed to the literal infringement and/or infringement under the doctrine of equivalents of claims of the '281 Patent, and/or has actively induced others to infringe claims of the '281 Patent, literally and/or under the doctrine of equivalents, in this district and elsewhere in the United States.

Complaint for Patent Infringement
and Jury Demand
Case No. _____

## COUNT VII

### (Patent Infringement of U.S. Patent No. 6,584,037
### Under 35 U.S.C. § 271, *et. seq.*)

68.     Rambus incorporates by reference and realleges paragraphs 1 through 67 above as though fully restated herein.

69.     Rambus is informed and believes, and thereupon alleges, that Broadcom: (1) has infringed claims of the '037 Patent, literally and/or under the doctrine of equivalents, by making, using, offering to sell, selling (directly or through intermediaries), and/or importing Accused Products consisting of or including DDR2, DDR3, and/or GDDR3 memory controllers, and mobile and/or low power versions thereof, in this district and elsewhere in the United States, and/or (2) has contributed to the literal infringement and/or infringement under the doctrine of equivalents of claims of the '037 Patent, and/or has actively induced others to infringe claims of the '037 Patent, literally and/or under the doctrine of equivalents, in this district and elsewhere in the United States.

## COUNT VIII

### (Patent Infringement of U.S. Patent No. 6,715,020
### Under 35 U.S.C. § 271, *et. seq.*)

70.     Rambus incorporates by reference and realleges paragraphs 1 through 69 above as though fully restated herein.

71.     Rambus is informed and believes, and thereupon alleges, that Broadcom: (1) has infringed claims of the '020 Patent, literally and/or under the doctrine of equivalents, by making, using, offering to sell, selling (directly or through intermediaries), and/or importing Accused Products consisting of or including SDR, DDR-type, and/or GDDR-type memory controllers, in this district and elsewhere in the United States, and/or (2) has contributed to the literal infringement and/or infringement under the doctrine of equivalents of claims of the '020 Patent, and/or has actively induced others to infringe claims of the '020 Patent, literally and/or under the doctrine of equivalents, in this district and elsewhere in the United States.

Complaint for Patent Infringement
and Jury Demand
Case No. _____

## COUNT IX

### (Patent Infringement of U.S. Patent No. 6,751,696
### Under 35 U.S.C. § 271, *et. seq.*)

72.     Rambus incorporates by reference and realleges paragraphs 1 through 71 above as though fully restated herein.

73.     Rambus is informed and believes, and thereupon alleges, that Broadcom:  (1) has infringed and continues to infringe claims of the '696 Patent, literally and/or under the doctrine of equivalents, by making, using, offering to sell, selling (directly or through intermediaries), and/or importing Accused Products consisting of or including DDR-type and/or GDDR-type memory controllers, and mobile and/or low power versions thereof, in this district and elsewhere in the United States, and/or (2) has contributed and continues to contribute to the literal infringement and/or infringement under the doctrine of equivalents of claims of the '696 Patent, and/or has actively induced and continues to actively induce others to infringe claims of the '696 Patent, literally and/or under the doctrine of equivalents, in this district and elsewhere in the United States.

## COUNT X

### (Patent Infringement of U.S. Patent No. 7,209,997
### Under 35 U.S.C. § 271, *et. seq.*)

74.     Rambus incorporates by reference and realleges paragraphs 1 through 73 above as though fully restated herein.

75.     Rambus is informed and believes, and thereupon alleges, that Broadcom:  (1) has infringed and continues to infringe claims of the '997 Patent, literally and/or under the doctrine of equivalents, by making, using, offering to sell, selling (directly or through intermediaries), and/or importing Accused Products consisting of or including SDR, DDR-type, and/or GDDR-type memory controllers, and mobile and/or low power versions thereof, in this district and elsewhere in the United States; and/or (2) has contributed and continues to contribute to the literal infringement and/or infringement under the doctrine of equivalents of claims of the '997 Patent, and/or has actively induced and continues to actively induce others to infringe claims of the '997 Patent, literally and/or under the doctrine of equivalents, in this district and elsewhere in the United States.

Complaint for Patent Infringement
and Jury Demand
Case No. _____

## COUNT XI

### (Patent Infringement of U.S. Patent No. 6,470,405
### Under 35 U.S.C. § 271, *et. seq.*)

76.     Rambus incorporates by reference and realleges paragraphs 1 through 75 above as though fully restated herein.

77.     Rambus is informed and believes, and thereupon alleges, that Broadcom: (1) has infringed and continues to infringe claims of the '405 Patent, literally and/or under the doctrine of equivalents, by making, using, offering to sell, selling (directly or through intermediaries), and/or importing Accused Products consisting of or including DDR-type and/or GDDR-type memory controllers, and mobile and/or low power versions thereof, in this district and elsewhere in the United States, and/or (2) has contributed and continues to contribute to the literal infringement and/or infringement under the doctrine of equivalents of claims of the '405 Patent, and/or has actively induced and continues to actively induce others to infringe claims of the '405 Patent, literally and/or under the doctrine of equivalents, in this district and elsewhere in the United States.

## COUNT XII

### (Patent Infringement of U.S. Patent No. 6,591,353
### Under 35 U.S.C. § 271, *et. seq.*)

78.     Rambus incorporates by reference and realleges paragraphs 1 through 77 above as though fully restated herein.

79.     Rambus is informed and believes, and thereupon alleges, that Broadcom: (1) has infringed and continues to infringe claims of the '353 Patent, literally and/or under the doctrine of equivalents, by making, using, offering to sell, selling (directly or through intermediaries), and/or importing Accused Products consisting of or including DDR-type and/or GDDR-type memory controllers, and mobile and/or low power versions thereof, in this district and elsewhere in the United States, and/or (2) has contributed and continues to contribute to the literal infringement and/or infringement under the doctrine of equivalents of claims of the '353 Patent, and/or has actively induced and continues to actively induce others to infringe claims of the '353 Patent, literally and/or under the doctrine of equivalents, in this district and elsewhere in the United States.

## COUNT XIII

### (Patent Infringement of U.S. Patent No. 7,287,109
### Under 35 U.S.C. § 271, *et. seq.*)

80.     Rambus incorporates by reference and realleges paragraphs 1 through 79 above as though fully restated herein.

81.     Rambus is informed and believes, and thereupon alleges, that Broadcom: (1) has infringed and continues to infringe claims of the '109 Patent, literally and/or under the doctrine of equivalents, by making, using, offering to sell, selling (directly or through intermediaries), and/or importing Accused Products consisting of or including DDR-type and/or GDDR-type memory controllers, and mobile and/or low power versions thereof, in this district and elsewhere in the United States, and/or (2) has contributed and continues to contribute to the literal infringement and/or infringement under the doctrine of equivalents of claims of the '109 Patent, and/or has actively induced and continues to actively induce others to infringe claims of the '109 Patent, literally and/or under the doctrine of equivalents, in this district and elsewhere in the United States.

## COUNT XIV

### (Patent Infringement of U.S. Patent No. 6,542,555
### Under 35 U.S.C. § 271, *et. seq.*)

82.     Rambus incorporates by reference and realleges paragraphs 1 through 81 above as though fully restated herein.

83.     Rambus is informed and believes, and thereupon alleges, that Broadcom: (1) has infringed and continues to infringe claims of the '555 Patent, literally and/or under the doctrine of equivalents, by making, using, offering to sell, selling (directly or through intermediaries), and/or importing Accused Products consisting of or including PCI Express peripheral interfaces, in this district and elsewhere in the United States, and/or (2) has contributed and continues to contribute to the literal infringement and/or infringement under the doctrine of equivalents of claims of the '555 Patent, and/or has actively induced and continues to actively induce others to infringe claims of the '555 Patent, literally and/or under the doctrine of equivalents, in this district and elsewhere in the United States.

## COUNT XV

### (Patent Infringement of U.S. Patent No. 7,099,404
### Under 35 U.S.C. § 271, *et. seq.*)

84.     Rambus incorporates by reference and realleges paragraphs 1 through 83 above as though fully restated herein.

85.     Rambus is informed and believes, and thereupon alleges, that Broadcom: (1) has infringed and continues to infringe claims of the '404 Patent, literally and/or under the doctrine of equivalents, by making, using, offering to sell, selling (directly or through intermediaries), and/or importing Accused Products consisting of or including PCI Express peripheral interfaces, in this district and elsewhere in the United States, and/or (2) has contributed and continues to contribute to the literal infringement and/or infringement under the doctrine of equivalents of claims of the '404 Patent, and/or has actively induced and continues to actively induce others to infringe claims of the '404 Patent, literally and/or under the doctrine of equivalents, in this district and elsewhere in the United States.

## COUNT XVI

### (Patent Infringement of U.S. Patent No. 7,580,474
### Under 35 U.S.C. § 271, *et. seq.*)

86.     Rambus incorporates by reference and realleges paragraphs 1 through 85 above as though fully restated herein.

87.     Rambus is informed and believes, and thereupon alleges, that Broadcom: (1) has infringed and continues to infringe claims of the '474 Patent, literally and/or under the doctrine of equivalents, by making, using, offering to sell, selling (directly or through intermediaries), and/or importing Accused Products consisting of or including PCI Express peripheral interfaces, in this district and elsewhere in the United States, and/or (2) has contributed and continues to contribute to the literal infringement and/or infringement under the doctrine of equivalents of claims of the '474 Patent, and/or has actively induced and continues to actively induce others to infringe claims of the '474 Patent, literally and/or under the doctrine of equivalents, in this district and elsewhere in the United States.

## COUNT XVII

### (Patent Infringement of U.S. Patent No. 7,602,857
### Under 35 U.S.C. § 271, *et. seq.*)

88.    Rambus incorporates by reference and realleges paragraphs 1 through 87 above as though fully restated herein.

89.    Rambus is informed and believes, and thereupon alleges, that Broadcom:  (1) has infringed and continues to infringe claims of the '857 Patent, literally and/or under the doctrine of equivalents, by making, using, offering to sell, selling (directly or through intermediaries), and/or importing Accused Products consisting of or including PCI Express peripheral interfaces, in this district and elsewhere in the United States, and/or (2) has contributed and continues to contribute to the literal infringement and/or infringement under the doctrine of equivalents of claims of the '857 Patent, and/or has actively induced and continues to actively induce others to infringe claims of the '857 Patent, literally and/or under the doctrine of equivalents, in this district and elsewhere in the United States.

## COUNT XVIII

### (Patent Infringement of U.S. Patent No. 7,602,858
### Under 35 U.S.C. § 271, *et. seq.*)

90.    Rambus incorporates by reference and realleges paragraphs 1 through 89 above as though fully restated herein.

91.    Rambus is informed and believes, and thereupon alleges, that Broadcom:  (1) has infringed and continues to infringe claims of the '858 Patent, literally and/or under the doctrine of equivalents, by making, using, offering to sell, selling (directly or through intermediaries), and/or importing Accused Products consisting of or including PCI Express peripheral interfaces, in this district and elsewhere in the United States, and/or (2) has contributed and continues to contribute to the literal infringement and/or infringement under the doctrine of equivalents of claims of the '858 Patent, and/or has actively induced and continues to actively induce others to infringe claims of the '858 Patent, literally and/or under the doctrine of equivalents, in this district and elsewhere in the United States.

Complaint for Patent Infringement
and Jury Demand
Case No. _____

## COUNT XIX

### (Patent Infringement of U.S. Patent No. 7,715,494
### Under 35 U.S.C. § 271, *et. seq.*)

92.    Rambus incorporates by reference and realleges paragraphs 1 through 91 above as though fully restated herein.

93.    Rambus is informed and believes, and thereupon alleges, that Broadcom:  (1) has infringed and continues to infringe claims of the '494 Patent, literally and/or under the doctrine of equivalents, by making, using, offering to sell, selling (directly or through intermediaries), and/or importing Accused Products consisting of or including PCI Express peripheral interfaces, in this district and elsewhere in the United States, and/or (2) has contributed and continues to contribute to the literal infringement and/or infringement under the doctrine of equivalents of claims of the '494 Patent, and/or has actively induced and continues to actively induce others to infringe claims of the '494 Patent, literally and/or under the doctrine of equivalents, in this district and elsewhere in the United States.

### VI.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff Rambus asks this Court to enter judgment in its favor against Broadcom and grant the following relief:

A.    An adjudication that Broadcom has infringed and continues to infringe the Asserted Patents as alleged above;

B.    An accounting of all damages sustained by Rambus as a result of Broadcom's acts of infringement of the Asserted Patents;

C.    An award to Rambus of actual damages adequate to compensate Rambus for Broadcom's acts of patent infringement, together with prejudgment and postjudgment interest;

D.    An award to Rambus of enhanced damages, up to and including trebling of Rambus's damages pursuant to 35 U.S.C. § 284 for Broadcom's willful infringement of the Asserted Patents;

1             E.  An award of Rambus's costs of suit and reasonable attorneys' fees pursuant to 35

2  U.S.C. § 285 due to the exceptional nature of this case, or as otherwise permitted by law;

3             F.  A grant of a permanent injunction pursuant to 35 U.S.C. § 283, enjoining

4  Broadcom, and each of its agents, servants, employees, principals, officers, attorneys, successors,

5  assignees, and all those in active concert or participation with Broadcom, including related

6  individuals and entities, customers, representatives, OEMs, dealers, and distributors from further acts

7  of (1) infringement, (2) contributory infringement, and (3) active inducement to infringe with respect

8  to the claims of the Asserted Patents;

9             G.  Any further relief that this Court deems just and proper.

10  **VII.**

11  **JURY DEMAND**

12         Plaintiff Rambus requests a jury trial on all issues triable to a jury in this matter.

13

14                               Respectfully Submitted,

15  DATED: December 1, 2010          MUNGER, TOLLES & OLSON LLP

16

17                          By:  _____

18                                PETER A. DETRE

19                        Attorneys for Plaintiff
                      RAMBUS INC.

20

21

22

23

24

25

26

27

28