QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Charles K. Verhoeven (SBN 170151)
   charlesverhoeven@quinnemanuel.com
  Sean S. Pak (SBN 219032)
   seanpak@quinnemanuel.com
  Gillian W. Thackray (SBN 196756)
   gillianthackray@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone:  (415) 875-6600
Facsimile:  (415) 875-6700

Attorneys for Defendant and Counterclaimant
BROADCOM CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RAMBUS, INC., | Case No.  3:10-CV-05437 RS |
| Plaintiff, | **BROADCOM'S ANSWER AND COUNTERCLAIMS** |
| v. | **DEMAND FOR JURY TRIAL** |
| BROADCOM CORP., | |
| Defendant. | |

Defendant Broadcom Corporation ("Broadcom") answers the Complaint for Patent Infringement ("Complaint") of Rambus Inc. ("Rambus" or "Plaintiff") and further counterclaims as follows:

## THE PARTIES

1.      Broadcom does not have sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 1 of the Complaint, and, on that basis, denies them.

2.      Broadcom admits that it is a California corporation with its headquarters at 5300 California Avenue, Irvine, California 92617, and that it maintains an office at 190 Mathilda Place, Sunnyvale, California 94086, and other locations in California.  Broadcom further admits that it transacts business in this judicial district.

3.      Broadcom denies each and every allegation of Paragraph 3 of the Complaint.

## NATURE OF THE ACTION

4.      Broadcom admits that Rambus purports to bring an action for patent infringement.

5.      Broadcom denies each and every allegation in Paragraph 5 of the Complaint.

## JURISDICTION AND VENUE

6.      Broadcom admits that Rambus purports to bring this action under 35 U.S.C. §§ 1 *et seq.* and 35 U.S.C. § 271, and that Rambus purports to assert jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).   To the extent that the action is based upon a charge of patent infringement, Broadcom admits that the Court has subject matter jurisdiction.

7.      Broadcom admits that it conducts business in the State of California and in this judicial district, and for the purposes of this action, Broadcom does not contest that it is subject to personal jurisdiction in the Northern District of California.   Broadcom otherwise denies the allegations set forth in Paragraph 7 of the Complaint.

-2-

8.      Broadcom admits that Plaintiff purports to base venue in this District upon 28 U.S.C. §§ 1391(b), 1391(c), 1391(d), and/or 1400(b), and, for the purposes of this action, does not contest that venue is proper and that Broadcom is subject to personal jurisdiction in the Northern District of California.  Broadcom otherwise denies the allegations set forth in Paragraph 8 of the Complaint.

## FACTUAL BACKGROUND

### A.      Rambus

9.      Broadcom does not have sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 9 of the Complaint, and, on that basis, denies them.

10.      Broadcom does not have sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 10 of the Complaint, and, on that basis, denies them.

11.      Broadcom does not have sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 11 of the Complaint, and, on that basis, denies them.

12.      Broadcom does not have sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 12 of the Complaint, and, on that basis, denies them.

13.      Broadcom does not have sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 13 of the Complaint, and, on that basis, denies them.

B.      **Asserted Patents**

14.     Broadcom admits that on April 18, 1990, U.S. Patent Application No. 07/510,898 was filed naming Michael Farmwald and Mark Horowitz as inventors and that Rambus refers to patents allegedly claiming priority to this application as the "Farmwald/Horowitz Patents."

15.     Broadcom admits that on October 19, 1995, U.S. Patent Application No. 08/545,292 was filed naming Richard M. Barth and other individuals as inventors and that Rambus refers to patents allegedly claiming priority to this application as the "Barth Patents."

16.     Broadcom admits that on June 20, 1997, U.S. Provisional Patent Application No. 60/050,098 was filed, on June 23, 1997, U.S. Patent Application No. 08/880,980 was filed, and on June 25, 1997, U.S. Patent Application No. 08/882,252 was filed, each naming William J. Dally as inventor and that Rambus refers to the patents allegedly claiming priority to these applications as the "Dally Patents."

1.      **Farmwald/Horowitz Patents**

17.     Broadcom admits that U.S. Patent No. 6,043,918 (the "'918 Patent") was issued on March 7, 2000 and that the title and named inventors of the '918 Patent are as stated.  Broadcom otherwise denies the remaining allegations set forth in Paragraph 17 of the Complaint.

18.     Broadcom admits that U.S. Patent No. 6,038,195 (the "'195 Patent") was issued on March 14, 2000 and that the title and named inventors of the '195 Patent are as stated.  Broadcom otherwise denies the remaining allegations set forth in Paragraph 18 of the Complaint.

19.     Broadcom admits that U.S. Patent No. 6,260,097 (the "'097 Patent") was issued on July 10, 2001 and that the title and named inventors of the '097 Patent are as stated.  Broadcom otherwise denies the remaining allegations set forth in Paragraph 19 of the Complaint.

20.     Broadcom admits that U.S. Patent No. 6,304,937 (the "'937 Patent") was issued on October 16, 2001 and that the title and named inventors of the '937 Patent are as stated. Broadcom otherwise denies the remaining allegations set forth in Paragraph 20 of the Complaint.

21.     Broadcom admits that U.S. Patent No. 6,426,916 (the "'916 Patent") was issued on July 30, 2002 and that the title and named inventors of the '916 Patent are as stated. Broadcom otherwise denies the remaining allegations set forth in Paragraph 21 of the Complaint.

22.     Broadcom admits that U.S. Patent No. 6,564,281 (the "'281 Patent") was issued on May 13, 2003 and that the title and named inventors of the '281 Patent are as stated. Broadcom otherwise denies the remaining allegations set forth in Paragraph 22 of the Complaint.

23.     Broadcom admits that U.S. Patent No. 6,584,037 (the "'037 Patent") was issued on June 24, 2003 and that the title and named inventors of the '037 Patent are as stated. Broadcom otherwise denies the remaining allegations set forth in Paragraph 23 of the Complaint.

24.     Broadcom admits that U.S. Patent No. 6,715,020 (the "'020 Patent") was issued on March 30, 2004 and that the title and named inventors of the '020 Patent are as stated. Broadcom otherwise denies the remaining allegations set forth in Paragraph 24 of the Complaint.

25.     Broadcom admits that U.S. Patent No. 6,751,696 (the "'696 Patent") was issued on June 15, 2004 and that the title and named inventors of the '696 Patent are as stated. Broadcom otherwise denies the remaining allegations set forth in Paragraph 25 of the Complaint.

26.     Broadcom admits that U.S. Patent No. 7,209,997 (the "'997 Patent") was issued on April 24, 2007 and that the title and named inventors of the '997 Patent are as stated. Broadcom otherwise denies the remaining allegations set forth in Paragraph 26 of the Complaint.

27.     Broadcom denies each and every allegation of Paragraph 27 of the Complaint.

28.     Broadcom does not have sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 28 of the Complaint, and, on that basis, denies them.

### 2.     Barth Patents

29.     Broadcom admits that U.S. Patent No. 6,470,405 (the "'405 Patent") was issued on October 22, 2002 and that the title and named inventors of the '405 Patent are as stated. Broadcom otherwise denies the remaining allegations set forth in Paragraph 29 of the Complaint.

30.     Broadcom admits that U.S. Patent No. 6,591,353 (the "'353 Patent") was issued on July 8, 2003 and that the title and named inventors of the '353 Patent are as stated.  Broadcom otherwise denies the remaining allegations set forth in Paragraph 30 of the Complaint.

31.     Broadcom admits that U.S. Patent No. 7,287,109 (the "'109 Patent") was issued on October 23, 2007 and that the title and named inventors of the '109 Patent are as stated. Broadcom otherwise denies the remaining allegations set forth in Paragraph 31 of the Complaint.

32.     Broadcom denies each and every allegation of Paragraph 32 of the Complaint.

33.     Broadcom does not have sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 33 of the Complaint, and, on that basis, denies them.

### 3.     Dally Patents

34.     Broadcom admits that U.S. Patent No. 6,542,555 (the "'555 Patent") was issued on April 1, 2003 and that the title and named inventor of the '555 Patent are as stated.  Broadcom otherwise denies the remaining allegations set forth in Paragraph 34 of the Complaint.

35.     Broadcom admits that U.S. Patent No. 7,099,404 (the "'404 Patent") was issued on August 29, 2006 and that the title and named inventor of the '404 Patent are as stated.  Broadcom otherwise denies the remaining allegations set forth in Paragraph 35 of the Complaint.

36.     Broadcom admits that U.S. Patent No. 7,580,474 (the "'474 Patent") was issued on August 25, 2009 and that the title and named inventor of the '474 Patent are as stated.  Broadcom otherwise denies the remaining allegations set forth in Paragraph 36 of the Complaint.

37.     Broadcom admits that U.S. Patent No. 7,602,857 (the "'857 Patent") was issued on October 13, 2009 and that the title and named inventor of the '857 Patent are as stated.  Broadcom otherwise denies the remaining allegations set forth in Paragraph 37 of the Complaint.

38.     Broadcom admits that U.S. Patent No. 7,602,858 (the "'858 Patent") was issued on October 13, 2009 and that the title and named inventor of the '858 Patent are as stated.  Broadcom otherwise denies the remaining allegations set forth in Paragraph 38 of the Complaint.

39.     Broadcom admits that U.S. Patent No. 7,715,494 (the "'494 Patent") was issued on May 11, 2010 and that the title and named inventor of the '494 Patent are as stated.  Broadcom otherwise denies the remaining allegations set forth in Paragraph 39 of the Complaint.

40.     Broadcom denies each and every allegation of Paragraph 40 of the Complaint.

41.     Broadcom lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 41 of the Complaint, and, on that basis, denies them.

**C.     Broadcom's Alleged Acts of Infringement**

42.     Broadcom admits that it designs and sells certain products that include memory controllers.  Broadcom lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 42 of the Complaint, and, on that basis, denies them.

43.    Broadcom admits that it designs and sells certain products that include SerDes interfaces.  Broadcom lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 43 of the Complaint, and, on that basis, denies them.

44.    Broadcom admits that Rambus refers to certain products collectively as the "Accused Products."  Broadcom lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 44 of the Complaint, and, on that basis, denies them.

45.    Broadcom denies each and every allegation of Paragraph 45 of the Complaint.

46.    Broadcom admits that it had contact with Rambus in July 2006.  Broadcom otherwise denies the remaining allegations in Paragraph 46 of the Complaint.

47.    Broadcom admits that it submitted an amicus brief in *In the Matter of Rambus, Inc.*, FTC Docket No. 9302.  Broadcom refers Rambus to that document for its contents and denies any allegations or characterizations inconsistent therewith.

48.    Broadcom refers Rambus to documents referenced in Paragraph 48 of the Complaint for their contents and denies any allegations or characterizations inconsistent therewith.

49.    Broadcom denies each and every allegation contained in Paragraph 49 of the Complaint.

50.    Broadcom admits that Rambus informed Broadcom as to the existence of the patents referenced in Paragraph 50 of the Complaint on the dates referenced in Paragraph 50 of the Complaint.   Broadcom otherwise denies the remaining allegations in Paragraph 50 of the Complaint.

51.     Broadcom admits that it offers to sell and sells certain products to third parties who, upon information and belief, may incorporate those products into their own products.  Broadcom otherwise the remaining allegations in Paragraph 51 of the Complaint.

52.     Broadcom denies each and every allegation contained in Paragraph 52 of the Complaint.

53.     Broadcom denies each and every allegation contained in Paragraph 53 of the Complaint.

54.     Broadcom denies each and every allegation contained in Paragraph 54 of the Complaint.

55.     Broadcom denies each and every allegation contained in Paragraph 55 of the Complaint.

## CLAIMS FOR RELIEF

### COUNT I

**(Patent Infringement of U.S. Patent No. 6,034,918
Under 35 U.S.C. § 271, *et seq.*)**

56.     Broadcom incorporates its prior responses with respect to the allegations incorporated in Paragraph 56 of the Complaint.

57.     Broadcom denies each and every allegation contained in Paragraph 57 of the Complaint.

### COUNT II

**(Patent Infringement of U.S. Patent No. 6,038,195
Under 35 U.S.C. § 271, *et seq.*)**

58.     Broadcom incorporates its prior responses with respect to the allegations incorporated in Paragraph 58 of the Complaint.

59.     Broadcom denies each and every allegation contained in Paragraph 59 of the Complaint.

## COUNT III

**(Patent Infringement of U.S. Patent No. 6,260,097
Under 35 U.S.C. § 271, *et seq.*)**

60.     Broadcom incorporates its prior responses with respect to the allegations incorporated in Paragraph 60 of the Complaint.

61.     Broadcom denies each and every allegation contained in Paragraph 61 of the Complaint.

## COUNT IV

**(Patent Infringement of U.S. Patent No. 6,304,937
Under 35 U.S.C. § 271, *et seq.*)**

62.     Broadcom incorporates its prior responses with respect to the allegations incorporated in Paragraph 62 of the Complaint.

63.     Broadcom denies each and every allegation contained in Paragraph 63 of the Complaint.

## COUNT V

**(Patent Infringement of U.S. Patent No. 6,426,916
Under 35 U.S.C. § 271, *et seq.*)**

64.     Broadcom incorporates its prior responses with respect to the allegations incorporated in Paragraph 64 of the Complaint.

65.     Broadcom denies each and every allegation contained in Paragraph 65 of the Complaint.

-10-

## COUNT VI

**(Patent Infringement of U.S. Patent No. 6,564,281
Under 35 U.S.C. § 271, *et seq.*)**

66.     Broadcom incorporates its prior responses with respect to the allegations incorporated in Paragraph 66 of the Complaint.

67.     Broadcom denies each and every allegation contained in Paragraph 67 of the Complaint.

## COUNT VII

**(Patent Infringement of U.S. Patent No. 6,584,037
Under 35 U.S.C. § 271, *et seq.*)**

68.     Broadcom incorporates its prior responses with respect to the allegations incorporated in Paragraph 68 of the Complaint.

69.     Broadcom denies each and every allegation contained in Paragraph 69 of the Complaint.

## COUNT VIII

**(Patent Infringement of U.S. Patent No. 6,715,020
Under 35 U.S.C. § 271, *et seq.*)**

70.     Broadcom incorporates its prior responses with respect to the allegations incorporated in Paragraph 70 of the Complaint.

71.     Broadcom denies each and every allegation contained in Paragraph 71 of the Complaint.

## COUNT IX

**(Patent Infringement of U.S. Patent No. 6,751,696
Under 35 U.S.C. § 271, *et seq.*)**

72.     Broadcom incorporates its prior responses with respect to the allegations incorporated in Paragraph 72 of the Complaint.

73.     Broadcom denies each and every allegation contained in Paragraph 73 of the Complaint.

## COUNT X

**(Patent Infringement of U.S. Patent No. 7,209,997
Under 35 U.S.C. § 271, *et seq.*)**

74.     Broadcom incorporates its prior responses with respect to the allegations incorporated in Paragraph 74 of the Complaint.

75.     Broadcom denies each and every allegation contained in Paragraph 75 of the Complaint.

## COUNT XI

**(Patent Infringement of U.S. Patent No. 6,470,405
Under 35 U.S.C. § 271, *et seq.*)**

76.     Broadcom incorporates its prior responses with respect to the allegations incorporated in Paragraph 76 of the Complaint.

77.     Broadcom denies each and every allegation contained in Paragraph 77 of the Complaint.

## COUNT XII

**(Patent Infringement of U.S. Patent No. 6,591,353
Under 35 U.S.C. § 271, *et seq.*)**

78.     Broadcom incorporates its prior responses with respect to the allegations incorporated in Paragraph 78 of the Complaint.

79.     Broadcom denies each and every allegation contained in Paragraph 79 of the Complaint.

### COUNT XIII

**(Patent Infringement of U.S. Patent No. 7,287,109
Under 35 U.S.C. § 271, *et seq.*)**

80.     Broadcom incorporates its prior responses with respect to the allegations incorporated in Paragraph 80 of the Complaint.

81.     Broadcom denies each and every allegation contained in Paragraph 81 of the Complaint.

### COUNT XIV

**(Patent Infringement of U.S. Patent No. 6,542,555
Under 35 U.S.C. § 271, *et seq.*)**

82.     Broadcom incorporates its prior responses with respect to the allegations incorporated in Paragraph 82 of the Complaint.

83.     Broadcom denies each and every allegation contained in Paragraph 83 of the Complaint.

### COUNT XV

**(Patent Infringement of U.S. Patent No. 7,099,404
Under 35 U.S.C. § 271, *et seq.*)**

84.     Broadcom incorporates its prior responses with respect to the allegations incorporated in Paragraph 84 of the Complaint.

85.     Broadcom denies each and every allegation contained in Paragraph 85 of the Complaint.

### COUNT XVI

**(Patent Infringement of U.S. Patent No. 7,580,474
Under 35 U.S.C. § 271, *et seq.*)**

86.     Broadcom incorporates its prior responses with respect to the allegations incorporated in Paragraph 86 of the Complaint.

87.    Broadcom denies each and every allegation contained in Paragraph 87 of the Complaint.

## COUNT XVII

**(Patent Infringement of U.S. Patent No. 7,602,857**
**Under 35 U.S.C. § 271, *et seq.*)**

88.    Broadcom incorporates its prior responses with respect to the allegations incorporated in Paragraph 88 of the Complaint.

89.    Broadcom denies each and every allegation contained in Paragraph 89 of the Complaint.

## COUNT XVIII

**(Patent Infringement of U.S. Patent No. 7,602,858**
**Under 35 U.S.C. § 271, *et seq.*)**

90.    Broadcom incorporates its prior responses with respect to the allegations incorporated in Paragraph 90 of the Complaint.

91.    Broadcom denies each and every allegation contained in Paragraph 91 of the Complaint.

## COUNT XIX

**(Patent Infringement of U.S. Patent No. 7,715,494**
**Under 35 U.S.C. § 271, *et seq.*)**

92.    Broadcom incorporates its prior responses with respect to the allegations incorporated in Paragraph 92 of the Complaint.

93.    Broadcom denies each and every allegation contained in Paragraph 93 of the Complaint.

## RESPONSE TO PLAINTIFF'S PRAYER FOR RELIEF

Broadcom denies that Plaintiff is entitled any relief whatsoever, either as requested in its Prayer for Relief or otherwise, and denies any allegations contained therein.

## AFFIRMATIVE DEFENSES

Broadcom, as further and separate defenses to the Complaint and without assuming any burden that it would not otherwise bear, and reserving its right to assert additional defenses, pleads:

### FIRST AFFIRMATIVE DEFENSE
#### (Non-Infringement)

1.      Broadcom does not infringe, and has not infringed (either directly, contributorily, by inducement, jointly, literally, or under the doctrine of equivalents) any valid and/or enforceable claim of the Asserted Patents.

### SECOND AFFIRMATIVE DEFENSE
#### (Invalidity)

2.      One or more claims of the Asserted Patents are invalid or void for failing to comply with one or more of the conditions for patentability set forth in Part II of Title 35 of the United States Code, including, but not limited to, sections 101, 102, 103, and 112.

### THIRD AFFIRMATIVE DEFENSE
#### (Unenforceability – Estoppel, Acquiescence, and Waiver)

3.      Rambus is barred in whole or in part by the doctrines of estoppel, acquiescence, and waiver from enforcing the Asserted Patents against Broadcom.

4.      Rambus is barred in whole or in part by or based on its participation in, interaction with, or communications with certain standards setting organizations or bodies from enforcing the Asserted Patents against Broadcom.

## FOURTH AFFIRMATIVE DEFENSE
### (Unenforceability – Patent Exhaustion, Patent Misuse, and First Sale Doctrine)

5.      Rambus is barred in whole or in part by the doctrines of patent exhaustion, patent misuse, and/or the first sale doctrine from enforcing the Asserted Patents against Broadcom.

6.      On information and belief, Rambus's licensing program for Accused Products is an attempt to secure double royalties and extend the physical and temporal scope of the patent grant with anticompetitive effect.

## FIFTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

7.      DRAM technology was at least in part developed by a standard-setting organization known as the Joint Electronic Design Engineering Counsel ("JEDEC"), which, upon information and belief, Rambus was a member of (or otherwise was a participant in) from at least 1991 to until at least 1996.

8.      Various of the Asserted Patents, including the '918, '195, '097, '937, '916, '281, '037, '020, '696, and '997 Patents, claim an earliest effective filing date in 1990.  Other Asserted Patents, including the '405, '353, and '109 Patents, claim earliest effective filing dates in either 1995 or 1997.

9.      Upon information and belief, as early as 1996, Rambus was considering industry-wide adoption of its DRAM technology (referred to as Rambus DRAM, or "RDRAM").

10.      Upon information and belief, in an aggressive approach to enforce its intellectual property against, for example, entities considering or using competing DRAM technologies (e.g., SDRAM), Rambus (i) endeavored to create a "patent minefield" by extending claims in its patents to cover SDRAM, DDR SDRAM, and other potentially competing memory types and (ii) as of early 1998, anticipated and commenced plans for litigation in order to enforce its intellectual property.

-16-

11.     Upon information and belief, based on Rambus's goals and under the circumstances Rambus found itself in regarding the use of competing memory technologies by potential licensees, it was at least reasonably foreseeable and at most inevitable that litigation would take place between Rambus and one or more of the potential licensees.

12.     Upon information and belief, the Rambus litigation strategy implemented in 1998 set forth a "document retention policy", under which millions of pages of documents were destroyed during so-called "shred days", which, upon information and belief, occurred in at least 1998, 1999, and 2000.

13.     Upon information and belief, the destroyed documents included, for example, documents from Rambus's patent files, documents connected with licensing negotiations between Rambus and third parties regarding Rambus's patents and/or DRAM technology, documents connected with Rambus's involvement with and/or participation in JEDEC, and documents questioning the patentability of Rambus's purported inventions.

14.     More specifically, upon information and belief, in expediting Rambus's "document retention policy" at a time when it was at least reasonably foreseeable to Rambus that litigation would commence on one or more of its memory patents, Rambus's in-house counsel as well as their outside counsel under direction of Rambus systematically purged Rambus patent files. The destroyed patent file documents included "hard and electronic copies of draft amendments, draft claims, and attorneys' handwritten notes, and correspondence regarding patent prosecution, some of which did not exist in any other form." January 9, 2009 Opinion in *Micron Technology, Inc. v. Rambus, Inc.* (D. Del.), Civ. No. 00-792-SLR, pages 17-18.[1]  "These kinds of materials are typically sought in discovery in patent cases." *Id.* at page 18, n. 44.

_____

[1]  A copy of the full opinion is attached in Exhibit 1 to this Answer.

15.     Various courts that have adjudicated litigation involving Rambus and its memory patents have found that Rambus engaged in the spoliation of evidence. For example, in *Rambus v. Infineon*, the United States District Court for the Eastern District of Virginia stated that: "It is settled that Rambus instituted a document destruction policy and thereby intentionally destroyed documents.  It is also settled that the destroyed documents covered all of the major categories of documents generated in the ordinary course of Rambus' business.  Through depositions, Infineon has established that Rambus' document purging program resulted in the destruction of evidence relevant to this action, including evidence related to: the prosecution of the patents-in-suit, Rambus' participation in JEDEC, Rambus' prosecution of JEDEC-related patents, the relationship of Rambus' patent applications and pending claims to JEDEC standards, presentations to Rambus' Board of Directors regarding intellectual property, potentially damaging or invalidating prior art, and Rambus' SDRAM licensing negotiations."  *Rambus, Inc. v. Infineon Technologies AG, et al.*, 222 F.R.D. 280, 290 (E.D. Va. 2004) (citations omitted).[2, 3]

16.     In *Samsung Electronics Co., Ltd. v. Rambus Inc.*, the United States District Court for the Eastern District of Virginia found that "[t]he record proves that Rambus engaged in pervasive document destruction in 1998 and 1999 while it anticipated litigation, or reasonably should have anticipated litigation, and in 2000 while it was actually engaged in litigation." July

---

[2]   A copy of the full opinion is attached in Exhibit 2 to this Answer.

[3]   It is noted that in connection with the Eastern District of Virginia *Rambus v. Infineon* litigation, the United States Court of Appeals for the Federal Circuit reversed in part an earlier judgment in that litigation.  However, on remand, the district court noted that "Rambus did not appeal the findings of litigation misconduct, including the finding that it had intentionally destroyed relevant documents in anticipation of litigation."  *See id.* at 286. A copy of the Federal Circuit decision is attached in Exhibit 3 to this Response.

18, 2006 Memorandum Opinion in *Samsung Electronics Co., Ltd. v. Rambus Inc.* (E.D. Va.), Civ. No. 3:05cv406, page 80.[4]

17.     In *Micron Technology, Inc. v. Rambus, Inc.*, the United States District Court for the District of Delaware found that litigation concerning Rambus's intellectual property "was reasonably foreseeable [by Rambus] no later than December 1998" and that "a duty to preserve potentially relevant evidence arose in December 1998 and any documents purged from that time forward are deemed to have been intentionally destroyed, i.e., destroyed in bad faith." January 9, 2009 Opinion in *Micron Technology, Inc. v. Rambus, Inc.* (D. Del.), Civ. No. 00-792-SLR, pages 31-32.[5]  The Court concluded that "the showing of bad faith is so clear and convincing" and "the spoliation conduct was extensive, including within its scope the destruction of innumerable documents relating to all aspects of Rambus' business . . . ." *Id.* at page 33.  This resulted in the Court ruling the twelve Rambus patents asserted in that litigation as being unenforceable against Micron Technology, Inc.

18.     Upon information and belief, the adjudged mass spoliation of evidence by Rambus included the destruction of non-public documents that would have been relevant and/or material to Broadcom's defense in this case, including at least defenses asserting unenforceability due to equitable estoppel and patent misuse.

19.     Moreover, upon information and belief, due to the relatedness among the timing of the Asserted Patents, the accused technologies in this investigation and other Rambus litigations in which spoliation has been found, and the period of time associated with Rambus's destruction of documents, such as those documents connected with Rambus's prosecution of JEDEC-related patents, Rambus's SDRAM licensing negotiations, and the relationship of Rambus's patent

---

[4]  A copy of the full opinion is attached in Exhibit 4 to this Answer.
[5]  A copy of the full opinion is attached in Exhibit 1 to this Answer.

applications and pending claims to JEDEC standards, Rambus has destroyed documents that would have been relevant to the validity, enforceability, and/or interpretation of the Asserted Patents.

20.     Accordingly, Rambus's assertion of the Asserted Patents against Broadcom to obtain equitable relief in its Complaint have been done with "unclean hands," and the Asserted Patents should be declared unenforceable against Broadcom.

## SIXTH AFFIRMATIVE DEFENSE
### (Laches)

21.     The relief sought by Rambus is barred in whole or in part under the doctrine of laches, including without limitation laches during prosecution of the Asserted Patents in the U.S. Patent and Trademark Office.

## SEVENTH AFFIRMATIVE DEFENSE
### (License)

22.     The relief sought by Rambus is barred in whole or in part pursuant to an express and/or implied license.

## EIGHTH DEFENSE
### (Prosecution History Estoppel)

23.     The relief sought by Rambus is barred in whole or in part by prosecution history estoppel.

## NINTH DEFENSE
### (Failure to State a Claim)

24.     The Complaint fails to state a claim upon which relief may be granted.

## COUNTERCLAIMS

Without waiver of any of its rights, including the right to seek dismissal and/or transfer of this action, Broadcom, by way of Counterclaims against Rambus, alleges:

## NATURE OF THE ACTION

1.     This is an action by Defendant and Counterclaimant Broadcom pursuant to Rule 13 of the Federal Rules of Civil Procedure seeking declaratory judgments of invalidity, non-infringement, and unenforceability of U.S. Patent No. 6,034,918 ("the '918 Patent"), U.S. Patent No. 6,038,195 ("the '195 Patent"), U.S. Patent No. 6,260,097 ("the '097 Patent"), U.S. Patent No. 6,304,937 ("the '937 Patent"), U.S. Patent No. 6,426,916 ("the '916 Patent"), U.S. Patent No. 6,564,281 ("the '281 Patent"), U.S. Patent No. 6,584,037 ("the '037 Patent"), U.S. Patent No. 6,715,020 ("the '020 Patent"), U.S. Patent No. 6,751,696 ("the '696 Patent"), U.S. Patent No. 7,209,997 ("the '997 Patent"), U.S. Patent No. 6,407,405 ("the '405 Patent"), U.S. Patent No. 6,591,353 ("the '353 Patent"), U.S. Patent No. 7,287,109 ("the '109 Patent"), U.S. Patent No. 6,542,555 ("the '555 Patent"), U.S. Patent No. 7,099,404 ("the '404 Patent"), U.S. Patent No. 7,580,474 ("the '474 Patent"), U.S. Patent No. 7,602,857 ("the '857 Patent"), U.S. Patent No. 7,602,858 ("the '858 Patent"), and U.S. Patent No. 7,715,494 ("the '494 Patent").  Collectively, these patents will be called the "Asserted Patents."

## PARTIES

2.     Broadcom is a California corporation with its principal place of business at 5300 California Avenue, Irvine, California 92617-3038.

3.     On information and belief, Rambus is a Delaware corporation with its principal place of business at 1050 Enterprise Way, Sunnyvale, California 94089.

## JURISDICTION AND VENUE

4.     These counterclaims arise under the United States patent laws, 35 U.S.C. § 1, *et seq.*, and seek relief for which this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

5.     Venue is proper in this District pursuant to 28 U.S.C. § 1391.

6.      Rambus has sued Broadcom for infringement of the Asserted Patents.  Broadcom denies infringement and denies that the patent is valid or enforceable.  There is therefore a substantial, actual, and continuing controversy between Plaintiff and Broadcom as to the validity, enforceability, and infringement of the Asserted Patents.

7.      Rambus has consented to personal jurisdiction by commencing its action for patent infringement in this judicial district, as set forth in Plaintiff's Complaint.

## FIRST COUNTERCLAIM
### (Declaratory Judgment of Non-Infringement of the '918 Patent)

8.      Broadcom repeats and realleges each allegation set forth in Paragraphs 1 through 7 of these counterclaims as though fully set forth herein.

9.      An actual and justiciable controversy exists between Broadcom and Rambus with respect to the non-infringement of the '918 Patent because Rambus has brought an action against Broadcom alleging that Broadcom infringes the '918 Patent and alleging that the '918 Patent is valid and enforceable, allegations that Broadcom denies.   Absent a declaration of non-infringement, Rambus will continue to wrongfully assert the '918 Patent against Broadcom, and thereby cause Broadcom irreparable injury and damage.

10.     Broadcom has not infringed and does not infringe any valid and/or enforceable claim of the '918 Patent, either directly or indirectly, literally, under the doctrine of equivalents, willfully or otherwise and Broadcom is entitled to a declaration to that effect.

## SECOND COUNTERCLAIM
### (Declaratory Judgment of Invalidity of the '918 Patent)

11.     Broadcom repeats and realleges each allegation set forth in Paragraphs 1 through 10 of these counterclaims as though fully set forth herein.

12.     An actual and justiciable controversy exists between Broadcom and Rambus with respect to the invalidity of the '918 Patent because Rambus has brought an action against

-22-

Broadcom alleging that Broadcom infringes the '918 Patent and alleging that the '918 Patent is valid and enforceable, allegations that Broadcom denies.  Absent a declaration of invalidity, Rambus will continue to wrongfully assert the '918 Patent against Broadcom, and thereby cause Broadcom irreparable injury and damage.

13.    The '918 Patent is invalid under the provisions of 35 U.S.C. § 101, *et seq.*, including without limitation §§ 102, 103, and 112, and Broadcom is entitled to a declaration to that effect.

### THIRD COUNTERCLAIM
#### (Declaratory Judgment of Unenforceability of the '918 Patent)

14.    Broadcom repeats and realleges each allegation set forth in Paragraphs 1 through 13 of these counterclaims, and the allegations set forth in its Affirmative Defenses, as though fully set forth herein.

15.    An actual and justiciable controversy exists between Broadcom and Rambus with respect to the unenforceability of the '918 Patent because Rambus has brought an action against Broadcom alleging that Broadcom infringes the '918 Patent and alleging that the '918 Patent is valid and enforceable, allegations that Broadcom denies.  Absent a declaration of unenforceability, Rambus will continue to wrongfully assert the '918 Patent against Broadcom, and thereby cause Broadcom irreparable injury and damage.

16.    The '918 Patent is unenforceable based upon, without limitation, the doctrines of estoppel, acquiescence, waiver, unclean hands, laches, patent misuse, patent exhaustion, and first sale, and Broadcom is entitled to a declaration to that effect.

### FOURTH COUNTERCLAIM
#### (Declaratory Judgment of Non-Infringement of the '195 Patent)

17.    Broadcom repeats and realleges each allegation set forth in Paragraphs 1 through 16 of these counterclaims as though fully set forth herein.

-23-

18.     An actual and justiciable controversy exists between Broadcom and Rambus with respect to the non-infringement of the '195 Patent because Rambus has brought an action against Broadcom alleging that Broadcom infringes the '195 Patent and alleging that the '195 Patent is valid and enforceable, allegations that Broadcom denies.   Absent a declaration of non-infringement, Rambus will continue to wrongfully assert the '195 Patent against Broadcom, and thereby cause Broadcom irreparable injury and damage.

19.     Broadcom has not infringed and does not infringe any valid and/or enforceable claim of the '195 Patent, either directly or indirectly, literally, under the doctrine of equivalents, willfully or otherwise, and Broadcom is entitled to a declaration to that effect.

### FIFTH COUNTERCLAIM
### (Declaratory Judgment of Invalidity of the '195 Patent)

20.     Broadcom repeats and realleges each allegation set forth in Paragraphs 1 through 19 of these counterclaims as though fully set forth herein.

21.     An actual and justiciable controversy exists between Broadcom and Rambus with respect to the invalidity of the '195 Patent because Rambus has brought an action against Broadcom alleging that Broadcom infringes the '195 Patent and alleging that the '195 Patent is valid and enforceable, allegations that Broadcom denies.   Absent a declaration of invalidity, Rambus will continue to wrongfully assert the '195 Patent against Broadcom, and thereby cause Broadcom irreparable injury and damage.

22.     The '195 Patent is invalid under the provisions of 35 U.S.C. § 101, *et seq.*, including without limitation §§ 102, 103, and 112, and Broadcom is entitled to a declaration to that effect.

**SIXTH COUNTERCLAIM**
**(Declaratory Judgment of Unenforceability of the '195 Patent)**

23.     Broadcom repeats and realleges each allegation set forth in Paragraphs 1 through 22 of these counterclaims, and the allegations set forth in its Affirmative Defenses, as though fully set forth herein.

24.     An actual and justiciable controversy exists between Broadcom and Rambus with respect to the unenforceability of the '195 Patent because Rambus has brought an action against Broadcom alleging that Broadcom infringes the '195 Patent and alleging that the '195 Patent is valid and enforceable, allegations that Broadcom denies.  Absent a declaration of unenforceability, Rambus will continue to wrongfully assert the '195 Patent against Broadcom, and thereby cause Broadcom irreparable injury and damage.

25.     The '195 Patent is unenforceable based upon, without limitation, the doctrines of estoppel, acquiescence, waiver, unclean hands, laches, patent misuse, patent exhaustion, and first sale, and Broadcom is entitled to a declaration to that effect.

**SEVENTH COUNTERCLAIM**
**(Declaratory Judgment of Non-Infringement of the '097 Patent)**

26.     Broadcom repeats and realleges each allegation set forth in Paragraphs 1 through 25 of these counterclaims as though fully set forth herein.

27.     An actual and justiciable controversy exists between Broadcom and Rambus with respect to the non-infringement of the '097 Patent because Rambus has brought an action against Broadcom alleging that Broadcom infringes the '097 Patent and alleging that the '097 Patent is valid and enforceable, allegations that Broadcom denies.  Absent a declaration of non-infringement, Rambus will continue to wrongfully assert the '097 Patent against Broadcom, and thereby cause Broadcom irreparable injury and damage.

28.     Broadcom has not infringed and does not infringe any valid and/or enforceable claim of the '097 Patent, either directly or indirectly, literally, under the doctrine of equivalents, willfully or otherwise, and Broadcom is entitled to a declaration to that effect.

### EIGHTH COUNTERCLAIM
#### (Declaratory Judgment of Invalidity of the '097 Patent)

29.     Broadcom repeats and realleges each allegation set forth in Paragraphs 1 through 28 of these counterclaims as though fully set forth herein.

30.     An actual and justiciable controversy exists between Broadcom and Rambus with respect to the invalidity of the '097 Patent because Rambus has brought an action against Broadcom alleging that Broadcom infringes the '097 Patent and alleging that the '097 Patent is valid and enforceable, allegations that Broadcom denies.  Absent a declaration of invalidity, Rambus will continue to wrongfully assert the '097 Patent against Broadcom, and thereby cause Broadcom irreparable injury and damage.

31.     The '097 Patent is invalid under the provisions of 35 U.S.C. § 101, *et seq.*, including without limitation §§ 102, 103, and 112, and Broadcom is entitled to a declaration to that effect.

### NINTH COUNTERCLAIM
#### (Declaratory Judgment of Unenforceability of the '097 Patent)

32.     Broadcom repeats and realleges each allegation set forth in Paragraphs 1 through 31 of these counterclaims, and the allegations set forth in its Affirmative Defenses, as though fully set forth herein.

33.     An actual and justiciable controversy exists between Broadcom and Rambus with respect to the unenforceability of the '097 Patent because Rambus has brought an action against Broadcom alleging that Broadcom infringes the '097 Patent and alleging that the '097 Patent is valid and enforceable, allegations that Broadcom denies.  Absent a declaration of unenforceability,

Rambus will continue to wrongfully assert the '097 Patent against Broadcom, and thereby cause Broadcom irreparable injury and damage.

34.     The '097 Patent is unenforceable based upon, without limitation, the doctrines of estoppel, acquiescence, waiver, unclean hands, laches, patent misuse, patent exhaustion, and first sale, and Broadcom is entitled to a declaration to that effect.

**TENTH COUNTERCLAIM**
**(Declaratory Judgment of Non-Infringement of the '937 Patent)**

35.     Broadcom repeats and realleges each allegation set forth in Paragraphs 1 through 34 of these counterclaims as though fully set forth herein.

36.     An actual and justiciable controversy exists between Broadcom and Rambus with respect to the non-infringement of the '937 Patent because Rambus has brought an action against Broadcom alleging that Broadcom infringes the '937 Patent and alleging that the '937 Patent is valid and enforceable, allegations that Broadcom denies.   Absent a declaration of non-infringement, Rambus will continue to wrongfully assert the '937 Patent against Broadcom, and thereby cause Broadcom irreparable injury and damage.

37.     Broadcom has not infringed and does not infringe any valid and/or enforceable claim of the '937 Patent, either directly or indirectly, literally, under the doctrine of equivalents, willfully or otherwise, and Broadcom is entitled to a declaration to that effect.

**ELEVENTH COUNTERCLAIM**
**(Declaratory Judgment of Invalidity of the '937 Patent)**

38.     Broadcom repeats and realleges each allegation set forth in Paragraphs 1 through 37 of these counterclaims as though fully set forth herein.

39.     An actual and justiciable controversy exists between Broadcom and Rambus with respect to the invalidity of the '937 Patent because Rambus has brought an action against Broadcom alleging that Broadcom infringes the '937 Patent and alleging that the '937 Patent is

valid and enforceable, allegations that Broadcom denies.  Absent a declaration of invalidity, Rambus will continue to wrongfully assert the '937 Patent against Broadcom, and thereby cause Broadcom irreparable injury and damage.

40.     The '937 Patent is invalid under the provisions of 35 U.S.C. § 101, *et seq.*, including without limitation §§ 102, 103, and 112, and Broadcom is entitled to a declaration to that effect.

### TWELFTH COUNTERCLAIM
### (Declaratory Judgment of Unenforceability of the '937 Patent)

41.     Broadcom repeats and realleges each allegation set forth in Paragraphs 1 through 40 of these counterclaims, and the allegations set forth in its Affirmative Defenses, as though fully set forth herein.

42.     An actual and justiciable controversy exists between Broadcom and Rambus with respect to the unenforceability of the '937 Patent because Rambus has brought an action against Broadcom alleging that Broadcom infringes the '937 Patent and alleging that the '937 Patent is valid and enforceable, allegations that Broadcom denies.  Absent a declaration of unenforceability, Rambus will continue to wrongfully assert the '937 Patent against Broadcom, and thereby cause Broadcom irreparable injury and damage.

43.     The '937 Patent is unenforceable based upon, without limitation, the doctrines of estoppel, acquiescence, waiver, unclean hands, laches, patent misuse, patent exhaustion, and first sale, and Broadcom is entitled to a declaration to that effect.

### THIRTEENTH COUNTERCLAIM
### (Declaratory Judgment of Non-Infringement of the '916 Patent)

44.     Broadcom repeats and realleges each allegation set forth in Paragraphs 1 through 43 of these counterclaims as though fully set forth herein.

45.     An actual and justiciable controversy exists between Broadcom and Rambus with respect to the non-infringement of the '916 Patent because Rambus has brought an action against Broadcom alleging that Broadcom infringes the '916 Patent and alleging that the '916 Patent is valid and enforceable, allegations that Broadcom denies.   Absent a declaration of non-infringement, Rambus will continue to wrongfully assert the '916 Patent against Broadcom, and thereby cause Broadcom irreparable injury and damage.

46.     Broadcom has not infringed and does not infringe any valid and/or enforceable claim of the '916 Patent, either directly or indirectly, literally, under the doctrine of equivalents, willfully or otherwise, and Broadcom is entitled to a declaration to that effect.

### FOURTEENTH COUNTERCLAIM
### (Declaratory Judgment of Invalidity of the '916 Patent)

47.     Broadcom repeats and realleges each allegation set forth in Paragraphs 1 through 46 of these counterclaims as though fully set forth herein.

48.     An actual and justiciable controversy exists between Broadcom and Rambus with respect to the invalidity of the '916 Patent because Rambus has brought an action against Broadcom alleging that Broadcom infringes the '916 Patent and alleging that the '916 Patent is valid and enforceable, allegations that Broadcom denies.   Absent a declaration of invalidity, Rambus will continue to wrongfully assert the '916 Patent against Broadcom, and thereby cause Broadcom irreparable injury and damage.

49.     The '916 Patent is invalid under the provisions of 35 U.S.C. § 101, *et seq.*, including without limitation §§ 102, 103, and 112, and Broadcom is entitled to a declaration to that effect.

**FIFTEENTH COUNTERCLAIM**
**(Declaratory Judgment of Unenforceability of the '916 Patent)**

50.     Broadcom repeats and realleges each allegation set forth in Paragraphs 1 through 49 of these counterclaims, and the allegations set forth in its Affirmative Defenses, as though fully set forth herein.

51.     An actual and justiciable controversy exists between Broadcom and Rambus with respect to the unenforceability of the '916 Patent because Rambus has brought an action against Broadcom alleging that Broadcom infringes the '916 Patent and alleging that the '916 Patent is valid and enforceable, allegations that Broadcom denies.  Absent a declaration of unenforceability, Rambus will continue to wrongfully assert the '916 Patent against Broadcom, and thereby cause Broadcom irreparable injury and damage.

52.     The '916 Patent is unenforceable based upon, without limitation, the doctrines of estoppel, acquiescence, waiver, unclean hands, laches, patent misuse, patent exhaustion, and first sale, and Broadcom is entitled to a declaration to that effect.

**SIXTEENTH COUNTERCLAIM**
**(Declaratory Judgment of Non-Infringement of the '281 Patent)**

53.     Broadcom repeats and realleges each allegation set forth in Paragraphs 1 through 52 of these counterclaims as though fully set forth herein.

54.     An actual and justiciable controversy exists between Broadcom and Rambus with respect to the non-infringement of the '281 Patent because Rambus has brought an action against Broadcom alleging that Broadcom infringes the '281 Patent and alleging that the '281 Patent is valid and enforceable, allegations that Broadcom denies.   Absent a declaration of non-infringement, Rambus will continue to wrongfully assert the '281 Patent against Broadcom, and thereby cause Broadcom irreparable injury and damage.

55.     Broadcom has not infringed and does not infringe any valid and/or enforceable claim of the '281 Patent, either directly or indirectly, literally, under the doctrine of equivalents, willfully or otherwise, and Broadcom is entitled to a declaration to that effect.

## SEVENTEENTH COUNTERCLAIM
### (Declaratory Judgment of Invalidity of the '281 Patent)

56.     Broadcom repeats and realleges each allegation set forth in Paragraphs 1 through 55 of these counterclaims as though fully set forth herein.

57.     An actual and justiciable controversy exists between Broadcom and Rambus with respect to the invalidity of the '281 Patent because Rambus has brought an action against Broadcom alleging that Broadcom infringes the '281 Patent and alleging that the '281 Patent is valid and enforceable, allegations that Broadcom denies.  Absent a declaration of invalidity, Rambus will continue to wrongfully assert the '281 Patent against Broadcom, and thereby cause Broadcom irreparable injury and damage.

58.     The '281 Patent is invalid under the provisions of 35 U.S.C. § 101, *et seq.*, including without limitation §§ 102, 103, and 112, and Broadcom is entitled to a declaration to that effect.

## EIGHTEENTH COUNTERCLAIM
### (Declaratory Judgment of Unenforceability of the '281 Patent)

59.     Broadcom repeats and realleges each allegation set forth in Paragraphs 1 through 58 of these counterclaims, and the allegations set forth in its Affirmative Defenses, as though fully set forth herein.

60.     An actual and justiciable controversy exists between Broadcom and Rambus with respect to the unenforceability of the '281 Patent because Rambus has brought an action against Broadcom alleging that Broadcom infringes the '281 Patent and alleging that the '281 Patent is valid and enforceable, allegations that Broadcom denies.  Absent a declaration of unenforceability,

-31-

Rambus will continue to wrongfully assert the '281 Patent against Broadcom, and thereby cause Broadcom irreparable injury and damage.

61.     The '281 Patent is unenforceable based upon, without limitation, the doctrines of estoppel, acquiescence, waiver, unclean hands, laches, patent misuse, patent exhaustion, and first sale, and Broadcom is entitled to a declaration to that effect.

### NINETEENTH COUNTERCLAIM
### (Declaratory Judgment of Non-Infringement of the '037 Patent)

62.     Broadcom repeats and realleges each allegation set forth in Paragraphs 1 through 61 of these counterclaims as though fully set forth herein.

63.     An actual and justiciable controversy exists between Broadcom and Rambus with respect to the non-infringement of the '037 Patent because Rambus has brought an action against Broadcom alleging that Broadcom infringes the '037 Patent and alleging that the '037 Patent is valid and enforceable, allegations that Broadcom denies.   Absent a declaration of non-infringement, Rambus will continue to wrongfully assert the '037 Patent against Broadcom, and thereby cause Broadcom irreparable injury and damage.

64.     Broadcom has not infringed and does not infringe any valid and/or enforceable claim of the '037 Patent, either directly or indirectly, literally, under the doctrine of equivalents, willfully or otherwise, and Broadcom is entitled to a declaration to that effect.

### TWENTIETH COUNTERCLAIM
### (Declaratory Judgment of Invalidity of the '037 Patent)

65.     Broadcom repeats and realleges each allegation set forth in Paragraphs 1 through 64 of these counterclaims as though fully set forth herein.

66.     An actual and justiciable controversy exists between Broadcom and Rambus with respect to the invalidity of the '037 Patent because Rambus has brought an action against Broadcom alleging that Broadcom infringes the '037 Patent and alleging that the '037 Patent is

1 valid and enforceable, allegations that Broadcom denies. Absent a declaration of invalidity,

2 Rambus will continue to wrongfully assert the '037 Patent against Broadcom, and thereby cause

3 Broadcom irreparable injury and damage.

4 67. The '037 Patent is invalid under the provisions of 35 U.S.C. § 101, *et seq.*,

5 including without limitation §§ 102, 103, and 112, and Broadcom is entitled to a declaration to

6 that effect.

7

8 **TWENTY-FIRST COUNTERCLAIM**
**(Declaratory Judgment of Unenforceability of the '037 Patent)**

9 68. Broadcom repeats and realleges each allegation set forth in Paragraphs 1 through

10 67 of these counterclaims, and the allegations set forth in its Affirmative Defenses, as though fully

11 set forth herein.

12

13 69. An actual and justiciable controversy exists between Broadcom and Rambus with

14 respect to the unenforceability of the '037 Patent because Rambus has brought an action against

15 Broadcom alleging that Broadcom infringes the '037 Patent and alleging that the '037 Patent is

16 valid and enforceable, allegations that Broadcom denies. Absent a declaration of unenforceability,

17 Rambus will continue to wrongfully assert the '037 Patent against Broadcom, and thereby cause

18 Broadcom irreparable injury and damage.

19 70. The '037 Patent is unenforceable based upon, without limitation, the doctrines of

20 estoppel, acquiescence, waiver, unclean hands, laches, patent misuse, patent exhaustion, and first

21 sale, and Broadcom is entitled to a declaration to that effect.

22

23 **TWENTY-SECOND COUNTERCLAIM**
**(Declaratory Judgment of Non-Infringement of the '020 Patent)**

24 71. Broadcom repeats and realleges each allegation set forth in Paragraphs 1 through

25 70 of these counterclaims as though fully set forth herein.

72.     An actual and justiciable controversy exists between Broadcom and Rambus with respect to the non-infringement of the '020 Patent because Rambus has brought an action against Broadcom alleging that Broadcom infringes the '020 Patent and alleging that the '020 Patent is valid and enforceable, allegations that Broadcom denies.   Absent a declaration of non-infringement, Rambus will continue to wrongfully assert the '020 Patent against Broadcom, and thereby cause Broadcom irreparable injury and damage.

73.     Broadcom has not infringed and does not infringe any valid and/or enforceable claim of the '020 Patent, either directly or indirectly, literally, under the doctrine of equivalents, willfully or otherwise, and Broadcom is entitled to a declaration to that effect.

## TWENTY-THIRD COUNTERCLAIM
### (Declaratory Judgment of Invalidity of the '020 Patent)

74.     Broadcom repeats and realleges each allegation set forth in Paragraphs 1 through 73 of these counterclaims as though fully set forth herein.

75.     An actual and justiciable controversy exists between Broadcom and Rambus with respect to the invalidity of the '020 Patent because Rambus has brought an action against Broadcom alleging that Broadcom infringes the '020 Patent and alleging that the '020 Patent is valid and enforceable, allegations that Broadcom denies.   Absent a declaration of invalidity, Rambus will continue to wrongfully assert the '020 Patent against Broadcom, and thereby cause Broadcom irreparable injury and damage.

76.     The '020 Patent is invalid under the provisions of 35 U.S.C. § 101, *et seq.*, including without limitation §§ 102, 103, and 112, and Broadcom is entitled to a declaration to that effect.

## TWENTY-FOURTH COUNTERCLAIM
### (Declaratory Judgment of Unenforceability of the '020 Patent)

77.     Broadcom repeats and realleges each allegation set forth in Paragraphs 1 through 76 of these counterclaims, and the allegations set forth in its Affirmative Defenses, as though fully set forth herein.

78.     An actual and justiciable controversy exists between Broadcom and Rambus with respect to the unenforceability of the '020 Patent because Rambus has brought an action against Broadcom alleging that Broadcom infringes the '020 Patent and alleging that the '020 Patent is valid and enforceable, allegations that Broadcom denies.  Absent a declaration of unenforceability, Rambus will continue to wrongfully assert the '020 Patent against Broadcom, and thereby cause Broadcom irreparable injury and damage.

79.     The '020 Patent is unenforceable based upon, without limitation, the doctrines of estoppel, acquiescence, waiver, unclean hands, laches, patent misuse, patent exhaustion, and first sale, and Broadcom is entitled to a declaration to that effect.

## TWENTY-FIFTH COUNTERCLAIM
### (Declaratory Judgment of Non-Infringement of the '696 Patent)

80.     Broadcom repeats and realleges each allegation set forth in Paragraphs 1 through 79 of these counterclaims as though fully set forth herein.

81.     An actual and justiciable controversy exists between Broadcom and Rambus with respect to the non-infringement of the '696 Patent because Rambus has brought an action against Broadcom alleging that Broadcom infringes the '696 Patent and alleging that the '696 Patent is valid and enforceable, allegations that Broadcom denies.   Absent a declaration of non-infringement, Rambus will continue to wrongfully assert the '696 Patent against Broadcom, and thereby cause Broadcom irreparable injury and damage.

82.     Broadcom has not infringed and does not infringe any valid and/or enforceable claim of the '696 Patent, either directly or indirectly, literally, under the doctrine of equivalents, willfully or otherwise, and Broadcom is entitled to a declaration to that effect.

## TWENTY-SIXTH COUNTERCLAIM
### (Declaratory Judgment of Invalidity of the '696 Patent)

83.     Broadcom repeats and realleges each allegation set forth in Paragraphs 1 through 82 of these counterclaims as though fully set forth herein.

84.     An actual and justiciable controversy exists between Broadcom and Rambus with respect to the invalidity of the '696 Patent because Rambus has brought an action against Broadcom alleging that Broadcom infringes the '696 Patent and alleging that the '696 Patent is valid and enforceable, allegations that Broadcom denies.   Absent a declaration of invalidity, Rambus will continue to wrongfully assert the '696 Patent against Broadcom, and thereby cause Broadcom irreparable injury and damage.

85.     The '696 Patent is invalid under the provisions of 35 U.S.C. § 101, *et seq.*, including without limitation §§ 102, 103, and 112, and Broadcom is entitled to a declaration to that effect.

## TWENTY-SEVENTH COUNTERCLAIM
### (Declaratory Judgment of Unenforceability of the '696 Patent)

86.     Broadcom repeats and realleges each allegation set forth in Paragraphs 1 through 85 of these counterclaims, and the allegations set forth in its Affirmative Defenses, as though fully set forth herein.

87.     An actual and justiciable controversy exists between Broadcom and Rambus with respect to the unenforceability of the '696 Patent because Rambus has brought an action against Broadcom alleging that Broadcom infringes the '696 Patent and alleging that the '696 Patent is valid and enforceable, allegations that Broadcom denies.  Absent a declaration of unenforceability,

1    Rambus will continue to wrongfully assert the '696 Patent against Broadcom, and thereby cause

2    Broadcom irreparable injury and damage.

3        88.    The '696 Patent is unenforceable based upon, without limitation, the doctrines of

4    estoppel, acquiescence, waiver, unclean hands, laches, patent misuse, patent exhaustion, and first

5    sale, and Broadcom is entitled to a declaration to that effect.

6

7                            **TWENTY-EIGHTH COUNTERCLAIM**
                **(Declaratory Judgment of Non-Infringement of the '997 Patent)**

8        89.    Broadcom repeats and realleges each allegation set forth in Paragraphs 1 through

9    88 of these counterclaims as though fully set forth herein.

10

11       90.    An actual and justiciable controversy exists between Broadcom and Rambus with

12   respect to the non-infringement of the '997 Patent because Rambus has brought an action against

13   Broadcom alleging that Broadcom infringes the '997 Patent and alleging that the '997 Patent is

14   valid and enforceable, allegations that Broadcom denies.   Absent a declaration of non-

15   infringement, Rambus will continue to wrongfully assert the '997 Patent against Broadcom, and

16   thereby cause Broadcom irreparable injury and damage.

17       91.    Broadcom has not infringed and does not infringe any valid and/or enforceable

18   claim of the '997 Patent, either directly or indirectly, literally, under the doctrine of equivalents,

19   willfully or otherwise, and Broadcom is entitled to a declaration to that effect.

20

21                             **TWENTY-NINTH COUNTERCLAIM**
                  **(Declaratory Judgment of Invalidity of the '997 Patent)**

22       92.    Broadcom repeats and realleges each allegation set forth in Paragraphs 1 through

23   91 of these counterclaims as though fully set forth herein.

24

25       93.    An actual and justiciable controversy exists between Broadcom and Rambus with

26   respect to the invalidity of the '997 Patent because Rambus has brought an action against

27   Broadcom alleging that Broadcom infringes the '997 Patent and alleging that the '997 Patent is

28

-37-

valid and enforceable, allegations that Broadcom denies.  Absent a declaration of invalidity, Rambus will continue to wrongfully assert the '997 Patent against Broadcom, and thereby cause Broadcom irreparable injury and damage.

94.     The '997 Patent is invalid under the provisions of 35 U.S.C. § 101, *et seq.*, including without limitation §§ 102, 103, and 112, and Broadcom is entitled to a declaration to that effect.

### THIRTIETH COUNTERCLAIM
#### (Declaratory Judgment of Unenforceability of the '997 Patent)

95.     Broadcom repeats and realleges each allegation set forth in Paragraphs 1 through 94 of these counterclaims, and the allegations set forth in its Affirmative Defenses, as though fully set forth herein.

96.     An actual and justiciable controversy exists between Broadcom and Rambus with respect to the unenforceability of the '997 Patent because Rambus has brought an action against Broadcom alleging that Broadcom infringes the '997 Patent and alleging that the '997 Patent is valid and enforceable, allegations that Broadcom denies.  Absent a declaration of unenforceability, Rambus will continue to wrongfully assert the '997 Patent against Broadcom, and thereby cause Broadcom irreparable injury and damage.

97.     The '997 Patent is unenforceable based upon, without limitation, the doctrines of estoppel, acquiescence, waiver, unclean hands, laches, patent misuse, patent exhaustion, and first sale, and Broadcom is entitled to a declaration to that effect.

### THIRTY-FIRST COUNTERCLAIM
#### (Declaratory Judgment of Non-Infringement of the '405 Patent)

98.     Broadcom repeats and realleges each allegation set forth in Paragraphs 1 through 97 of these counterclaims as though fully set forth herein.

99.     An actual and justiciable controversy exists between Broadcom and Rambus with respect to the non-infringement of the '405 Patent because Rambus has brought an action against Broadcom alleging that Broadcom infringes the '405 Patent and alleging that the '405 Patent is valid and enforceable, allegations that Broadcom denies.   Absent a declaration of non-infringement, Rambus will continue to wrongfully assert the '405 Patent against Broadcom, and thereby cause Broadcom irreparable injury and damage.

100.     Broadcom has not infringed and does not infringe any valid and/or enforceable claim of the '405 Patent, either directly or indirectly, literally, under the doctrine of equivalents, willfully or otherwise, and Broadcom is entitled to a declaration to that effect.

## THIRTY-SECOND COUNTERCLAIM
### (Declaratory Judgment of Invalidity of the '405 Patent)

101.     Broadcom repeats and realleges each allegation set forth in Paragraphs 1 through 100 of these counterclaims as though fully set forth herein.

102.     An actual and justiciable controversy exists between Broadcom and Rambus with respect to the invalidity of the '405 Patent because Rambus has brought an action against Broadcom alleging that Broadcom infringes the '405 Patent and alleging that the '405 Patent is valid and enforceable, allegations that Broadcom denies.   Absent a declaration of invalidity, Rambus will continue to wrongfully assert the '405 Patent against Broadcom, and thereby cause Broadcom irreparable injury and damage.

103.     The '405 Patent is invalid under the provisions of 35 U.S.C. § 101, *et seq.*, including without limitation §§ 102, 103, and 112, and Broadcom is entitled to a declaration to that effect.

## THIRTY-THIRD COUNTERCLAIM
### (Declaratory Judgment of Unenforceability of the '405 Patent)

104.    Broadcom repeats and realleges each allegation set forth in Paragraphs 1 through 103 of these counterclaims, and the allegations set forth in its Affirmative Defenses, as though fully set forth herein.

105.    An actual and justiciable controversy exists between Broadcom and Rambus with respect to the unenforceability of the '405 Patent because Rambus has brought an action against Broadcom alleging that Broadcom infringes the '405 Patent and alleging that the '405 Patent is valid and enforceable, allegations that Broadcom denies.  Absent a declaration of unenforceability, Rambus will continue to wrongfully assert the '405 Patent against Broadcom, and thereby cause Broadcom irreparable injury and damage.

106.    The '405 Patent is unenforceable based upon, without limitation, the doctrines of estoppel, acquiescence, waiver, unclean hands, laches, patent misuse, patent exhaustion, and first sale, and Broadcom is entitled to a declaration to that effect.

## THIRTY-FOURTH COUNTERCLAIM
### (Declaratory Judgment of Non-Infringement of the '353 Patent)

107.    Broadcom repeats and realleges each allegation set forth in Paragraphs 1 through 106 of these counterclaims as though fully set forth herein.

108.    An actual and justiciable controversy exists between Broadcom and Rambus with respect to the non-infringement of the '353 Patent because Rambus has brought an action against Broadcom alleging that Broadcom infringes the '353 Patent and alleging that the '353 Patent is valid and enforceable, allegations that Broadcom denies.   Absent a declaration of non-infringement, Rambus will continue to wrongfully assert the '353 Patent against Broadcom, and thereby cause Broadcom irreparable injury and damage.

-40-

109.     Broadcom has not infringed and does not infringe any valid and/or enforceable claim of the '353 Patent, either directly or indirectly, literally, under the doctrine of equivalents, willfully or otherwise, and Broadcom is entitled to a declaration to that effect.

### THIRTY-FIFTH COUNTERCLAIM
#### (Declaratory Judgment of Invalidity of the '353 Patent)

110.     Broadcom repeats and realleges each allegation set forth in Paragraphs 1 through 109 of these counterclaims as though fully set forth herein.

111.     An actual and justiciable controversy exists between Broadcom and Rambus with respect to the invalidity of the '353 Patent because Rambus has brought an action against Broadcom alleging that Broadcom infringes the '353 Patent and alleging that the '353 Patent is valid and enforceable, allegations that Broadcom denies.   Absent a declaration of invalidity, Rambus will continue to wrongfully assert the '353 Patent against Broadcom, and thereby cause Broadcom irreparable injury and damage.

112.     The '353 Patent is invalid under the provisions of 35 U.S.C. § 101, *et seq.*, including without limitation §§ 102, 103, and 112, and Broadcom is entitled to a declaration to that effect.

### THIRTY-SIXTH COUNTERCLAIM
#### (Declaratory Judgment of Unenforceability of the '353 Patent)

113.     Broadcom repeats and realleges each allegation set forth in Paragraphs 1 through 112 of these counterclaims, and the allegations set forth in its Affirmative Defenses, as though fully set forth herein.

114.     An actual and justiciable controversy exists between Broadcom and Rambus with respect to the unenforceability of the '353 Patent because Rambus has brought an action against Broadcom alleging that Broadcom infringes the '353 Patent and alleging that the '353 Patent is valid and enforceable, allegations that Broadcom denies.  Absent a declaration of unenforceability,

1  Rambus will continue to wrongfully assert the '353 Patent against Broadcom, and thereby cause

2  Broadcom irreparable injury and damage.

3      115.    The '353 Patent is unenforceable based upon, without limitation, the doctrines of

4  estoppel, acquiescence, waiver, unclean hands, laches, patent misuse, patent exhaustion, and first

5  sale, and Broadcom is entitled to a declaration to that effect.

6

### THIRTY-SEVENTH COUNTERCLAIM
### (Declaratory Judgment of Non-Infringement of the '109 Patent)

7

8      116.    Broadcom repeats and realleges each allegation set forth in Paragraphs 1 through

9  115 of these counterclaims as though fully set forth herein.

10

11     117.    An actual and justiciable controversy exists between Broadcom and Rambus with

12  respect to the non-infringement of the '109 Patent because Rambus has brought an action against

13  Broadcom alleging that Broadcom infringes the '109 Patent and alleging that the '109 Patent is

14  valid and enforceable, allegations that Broadcom denies.   Absent a declaration of non-

15  infringement, Rambus will continue to wrongfully assert the '109 Patent against Broadcom, and

16  thereby cause Broadcom irreparable injury and damage.

17     118.    Broadcom has not infringed and does not infringe any valid and/or enforceable

18  claim of the '109 Patent, either directly or indirectly, literally, under the doctrine of equivalents,

19  willfully or otherwise, and Broadcom is entitled to a declaration to that effect.

20

21

### THIRTY-EIGHTH COUNTERCLAIM
### (Declaratory Judgment of Invalidity of the '109 Patent)

22     119.    Broadcom repeats and realleges each allegation set forth in Paragraphs 1 through

23  118 of these counterclaims as though fully set forth herein.

24     120.    An actual and justiciable controversy exists between Broadcom and Rambus with

25  respect to the invalidity of the '109 Patent because Rambus has brought an action against

26  Broadcom alleging that Broadcom infringes the '109 Patent and alleging that the '109 Patent is

27

28

-42-

1    valid and enforceable, allegations that Broadcom denies.  Absent a declaration of invalidity,

2    Rambus will continue to wrongfully assert the '109 Patent against Broadcom, and thereby cause

3    Broadcom irreparable injury and damage.

4        121.    The '109 Patent is invalid under the provisions of 35 U.S.C. § 101, *et seq.*,

5    including without limitation §§ 102, 103, and 112, and Broadcom is entitled to a declaration to

6    that effect.

7

8                              **THIRTY-NINTH COUNTERCLAIM**
                  **(Declaratory Judgment of Unenforceability of the '109 Patent)**

9        122.    Broadcom repeats and realleges each allegation set forth in Paragraphs 1 through

10   121 of these counterclaims, and the allegations set forth in its Affirmative Defenses, as though

11   fully set forth herein.

12

13       123.    An actual and justiciable controversy exists between Broadcom and Rambus with

14   respect to the unenforceability of the '109 Patent because Rambus has brought an action against

15   Broadcom alleging that Broadcom infringes the '109 Patent and alleging that the '109 Patent is

16   valid and enforceable, allegations that Broadcom denies.  Absent a declaration of unenforceability,

17   Rambus will continue to wrongfully assert the '109 Patent against Broadcom, and thereby cause

18   Broadcom irreparable injury and damage.

19

20       124.    The '109 Patent is unenforceable based upon, without limitation, the doctrines of

21   estoppel, acquiescence, waiver, unclean hands, laches, patent misuse, patent exhaustion, and first

22   sale, and Broadcom is entitled to a declaration to that effect.

23                              **FORTIETH COUNTERCLAIM**
                  **(Declaratory Judgment of Non-Infringement of the '555 Patent)**

24

25       125.    Broadcom repeats and realleges each allegation set forth in Paragraphs 1 through

26   124 of these counterclaims as though fully set forth herein.

27

28

126.   An actual and justiciable controversy exists between Broadcom and Rambus with respect to the non-infringement of the '555 Patent because Rambus has brought an action against Broadcom alleging that Broadcom infringes the '555 Patent and alleging that the '555 Patent is valid and enforceable, allegations that Broadcom denies.   Absent a declaration of non-infringement, Rambus will continue to wrongfully assert the '555 Patent against Broadcom, and thereby cause Broadcom irreparable injury and damage.

127.   Broadcom has not infringed and does not infringe any valid and/or enforceable claim of the '555 Patent, either directly or indirectly, literally, under the doctrine of equivalents, willfully or otherwise, and Broadcom is entitled to a declaration to that effect.

## FORTY-FIRST COUNTERCLAIM
### (Declaratory Judgment of Invalidity of the '555 Patent)

128.   Broadcom repeats and realleges each allegation set forth in Paragraphs 1 through 127 of these counterclaims as though fully set forth herein.

129.   An actual and justiciable controversy exists between Broadcom and Rambus with respect to the invalidity of the '555 Patent because Rambus has brought an action against Broadcom alleging that Broadcom infringes the '555 Patent and alleging that the '555 Patent is valid and enforceable, allegations that Broadcom denies.   Absent a declaration of invalidity, Rambus will continue to wrongfully assert the '555 Patent against Broadcom, and thereby cause Broadcom irreparable injury and damage.

130.   The '555 Patent is invalid under the provisions of 35 U.S.C. § 101, *et seq.*, including without limitation §§ 102, 103, and 112, and Broadcom is entitled to a declaration to that effect.

**FORTY-SECOND COUNTERCLAIM**
**(Declaratory Judgment of Unenforceability of the '555 Patent)**

131.    Broadcom repeats and realleges each allegation set forth in Paragraphs 1 through 130 of these counterclaims, and the allegations set forth in its Affirmative Defenses, as though fully set forth herein.

132.    An actual and justiciable controversy exists between Broadcom and Rambus with respect to the unenforceability of the '555 Patent because Rambus has brought an action against Broadcom alleging that Broadcom infringes the '555 Patent and alleging that the '555 Patent is valid and enforceable, allegations that Broadcom denies.  Absent a declaration of unenforceability, Rambus will continue to wrongfully assert the '555 Patent against Broadcom, and thereby cause Broadcom irreparable injury and damage.

133.    The '555 Patent is unenforceable based upon, without limitation, the doctrines of estoppel, acquiescence, waiver, unclean hands, laches, patent misuse, patent exhaustion, and first sale, and Broadcom is entitled to a declaration to that effect.

**FORTY-THIRD COUNTERCLAIM**
**(Declaratory Judgment of Non-Infringement of the '404 Patent)**

134.    Broadcom repeats and realleges each allegation set forth in Paragraphs 1 through 133 of these counterclaims as though fully set forth herein.

135.    An actual and justiciable controversy exists between Broadcom and Rambus with respect to the non-infringement of the '404 Patent because Rambus has brought an action against Broadcom alleging that Broadcom infringes the '404 Patent and alleging that the '404 Patent is valid and enforceable, allegations that Broadcom denies.   Absent a declaration of non-infringement, Rambus will continue to wrongfully assert the '404 Patent against Broadcom, and thereby cause Broadcom irreparable injury and damage.

136.    Broadcom has not infringed and does not infringe any valid and/or enforceable claim of the '404 Patent, either directly or indirectly, literally, under the doctrine of equivalents, willfully or otherwise, and Broadcom is entitled to a declaration to that effect.

### FORTY-FOURTH COUNTERCLAIM
### (Declaratory Judgment of Invalidity of the '404 Patent)

137.    Broadcom repeats and realleges each allegation set forth in Paragraphs 1 through 136 of these counterclaims as though fully set forth herein.

138.    An actual and justiciable controversy exists between Broadcom and Rambus with respect to the invalidity of the '404 Patent because Rambus has brought an action against Broadcom alleging that Broadcom infringes the '404 Patent and alleging that the '404 Patent is valid and enforceable, allegations that Broadcom denies.  Absent a declaration of invalidity, Rambus will continue to wrongfully assert the '404 Patent against Broadcom, and thereby cause Broadcom irreparable injury and damage.

139.    The '404 Patent is invalid under the provisions of 35 U.S.C. § 101, *et seq.*, including without limitation §§ 102, 103, and 112, and Broadcom is entitled to a declaration to that effect.

### FORTY-FIFTH COUNTERCLAIM
### (Declaratory Judgment of Unenforceability of the '404 Patent)

140.    Broadcom repeats and realleges each allegation set forth in Paragraphs 1 through 139 of these counterclaims, and the allegations set forth in its Affirmative Defenses, as though fully set forth herein.

141.    An actual and justiciable controversy exists between Broadcom and Rambus with respect to the unenforceability of the '404 Patent because Rambus has brought an action against Broadcom alleging that Broadcom infringes the '404 Patent and alleging that the '404 Patent is valid and enforceable, allegations that Broadcom denies.  Absent a declaration of unenforceability,

-46-

1    Rambus will continue to wrongfully assert the '404 Patent against Broadcom, and thereby cause

2    Broadcom irreparable injury and damage.

3        142.    The '404 Patent is unenforceable based upon, without limitation, the doctrines of

4    estoppel, acquiescence, waiver, unclean hands, laches, patent misuse, patent exhaustion, and first

5    sale, and Broadcom is entitled to a declaration to that effect.

6

7                            **FORTY-SIXTH COUNTERCLAIM**
            **(Declaratory Judgment of Non-Infringement of the '474 Patent)**

8        143.    Broadcom repeats and realleges each allegation set forth in Paragraphs 1 through

9    142 of these counterclaims as though fully set forth herein.

10

11       144.    An actual and justiciable controversy exists between Broadcom and Rambus with

12   respect to the non-infringement of the '474 Patent because Rambus has brought an action against

13   Broadcom alleging that Broadcom infringes the '474 Patent and alleging that the '474 Patent is

14   valid and enforceable, allegations that Broadcom denies.   Absent a declaration of non-

15   infringement, Rambus will continue to wrongfully assert the '474 Patent against Broadcom, and

16   thereby cause Broadcom irreparable injury and damage.

17

18       145.    Broadcom has not infringed and does not infringe any valid and/or enforceable

19   claim of the '474 Patent, either directly or indirectly, literally, under the doctrine of equivalents,

20   willfully or otherwise, and Broadcom is entitled to a declaration to that effect.

21                          **FORTY-SEVENTH COUNTERCLAIM**
            **(Declaratory Judgment of Invalidity of the '474 Patent)**

22       146.    Broadcom repeats and realleges each allegation set forth in Paragraphs 1 through

23   145 of these counterclaims as though fully set forth herein.

24

25       147.    An actual and justiciable controversy exists between Broadcom and Rambus with

26   respect to the invalidity of the '474 Patent because Rambus has brought an action against

27   Broadcom alleging that Broadcom infringes the '474 Patent and alleging that the '474 Patent is

28

-47-

1    valid and enforceable, allegations that Broadcom denies.   Absent a declaration of invalidity,

2    Rambus will continue to wrongfully assert the '474 Patent against Broadcom, and thereby cause

3    Broadcom irreparable injury and damage.

4        148.   The '474 Patent is invalid under the provisions of 35 U.S.C. § 101, et seq.,

5    including without limitation §§ 102, 103, and 112, and Broadcom is entitled to a declaration to

6    that effect.

7

8                        **FORTY-EIGHTH COUNTERCLAIM**
                **(Declaratory Judgment of Unenforceability of the '474 Patent)**

9        149.   Broadcom repeats and realleges each allegation set forth in Paragraphs 1 through

10   148 of these counterclaims, and the allegations set forth in its Affirmative Defenses, as though

11   fully set forth herein.

12

13       150.   An actual and justiciable controversy exists between Broadcom and Rambus with

14   respect to the unenforceability of the '474 Patent because Rambus has brought an action against

15   Broadcom alleging that Broadcom infringes the '474 Patent and alleging that the '474 Patent is

16   valid and enforceable, allegations that Broadcom denies.   Absent a declaration of unenforceability,

17   Rambus will continue to wrongfully assert the '474 Patent against Broadcom, and thereby cause

18   Broadcom irreparable injury and damage.

19

20       151.   The '474 Patent is unenforceable based upon, without limitation, the doctrines of

21   estoppel, acquiescence, waiver, unclean hands, laches, patent misuse, patent exhaustion, and first

22   sale, and Broadcom is entitled to a declaration to that effect.

23                        **FORTY-NINTH COUNTERCLAIM**
                **(Declaratory Judgment of Non-Infringement of the '857 Patent)**

24

25       152.   Broadcom repeats and realleges each allegation set forth in Paragraphs 1 through

26   151 of these counterclaims as though fully set forth herein.

27

28

                                    -48-

153.   An actual and justiciable controversy exists between Broadcom and Rambus with respect to the non-infringement of the '857 Patent because Rambus has brought an action against Broadcom alleging that Broadcom infringes the '857 Patent and alleging that the '857 Patent is valid and enforceable, allegations that Broadcom denies.   Absent a declaration of non-infringement, Rambus will continue to wrongfully assert the '857 Patent against Broadcom, and thereby cause Broadcom irreparable injury and damage.

154.   Broadcom has not infringed and does not infringe any valid and/or enforceable claim of the '857 Patent, either directly or indirectly, literally, under the doctrine of equivalents, willfully or otherwise, and Broadcom is entitled to a declaration to that effect.

## FIFTIETH COUNTERCLAIM
### (Declaratory Judgment of Invalidity of the '857 Patent)

155.   Broadcom repeats and realleges each allegation set forth in Paragraphs 1 through 154 of these counterclaims as though fully set forth herein.

156.   An actual and justiciable controversy exists between Broadcom and Rambus with respect to the invalidity of the '857 Patent because Rambus has brought an action against Broadcom alleging that Broadcom infringes the '857 Patent and alleging that the '857 Patent is valid and enforceable, allegations that Broadcom denies.   Absent a declaration of invalidity, Rambus will continue to wrongfully assert the '857 Patent against Broadcom, and thereby cause Broadcom irreparable injury and damage.

157.   The '857 Patent is invalid under the provisions of 35 U.S.C. § 101, *et seq.*, including without limitation §§ 102, 103, and 112, and Broadcom is entitled to a declaration to that effect.

**FIFTY-FIRST COUNTERCLAIM**
**(Declaratory Judgment of Unenforceability of the '857 Patent)**

158.    Broadcom repeats and realleges each allegation set forth in Paragraphs 1 through 157 of these counterclaims, and the allegations set forth in its Affirmative Defenses, as though fully set forth herein.

159.    An actual and justiciable controversy exists between Broadcom and Rambus with respect to the unenforceability of the '857 Patent because Rambus has brought an action against Broadcom alleging that Broadcom infringes the '857 Patent and alleging that the '857 Patent is valid and enforceable, allegations that Broadcom denies.  Absent a declaration of unenforceability, Rambus will continue to wrongfully assert the '857 Patent against Broadcom, and thereby cause Broadcom irreparable injury and damage.

160.    The '857 Patent is unenforceable based upon, without limitation, the doctrines of estoppel, acquiescence, waiver, unclean hands, laches, patent misuse, patent exhaustion, and first sale, and Broadcom is entitled to a declaration to that effect.

**FIFTY-SECOND COUNTERCLAIM**
**(Declaratory Judgment of Non-Infringement of the '858 Patent)**

161.    Broadcom repeats and realleges each allegation set forth in Paragraphs 1 through 160 of these counterclaims as though fully set forth herein.

162.    An actual and justiciable controversy exists between Broadcom and Rambus with respect to the non-infringement of the '858 Patent because Rambus has brought an action against Broadcom alleging that Broadcom infringes the '858 Patent and alleging that the '858 Patent is valid and enforceable, allegations that Broadcom denies.   Absent a declaration of non-infringement, Rambus will continue to wrongfully assert the '858 Patent against Broadcom, and thereby cause Broadcom irreparable injury and damage.

163.   Broadcom has not infringed and does not infringe any valid and/or enforceable claim of the '858 Patent, either directly or indirectly, literally, under the doctrine of equivalents, willfully or otherwise, and Broadcom is entitled to a declaration to that effect.

### FIFTY-THIRD COUNTERCLAIM
**(Declaratory Judgment of Invalidity of the '858 Patent)**

164.   Broadcom repeats and realleges each allegation set forth in Paragraphs 1 through 163 of these counterclaims as though fully set forth herein.

165.   An actual and justiciable controversy exists between Broadcom and Rambus with respect to the invalidity of the '858 Patent because Rambus has brought an action against Broadcom alleging that Broadcom infringes the '858 Patent and alleging that the '858 Patent is valid and enforceable, allegations that Broadcom denies.   Absent a declaration of invalidity, Rambus will continue to wrongfully assert the '858 Patent against Broadcom, and thereby cause Broadcom irreparable injury and damage.

166.   The '858 Patent is invalid under the provisions of 35 U.S.C. § 101, *et seq.*, including without limitation §§ 102, 103, and 112, and Broadcom is entitled to a declaration to that effect.

### FIFTY-FOURTH COUNTERCLAIM
**(Declaratory Judgment of Unenforceability of the '858 Patent)**

167.   Broadcom repeats and realleges each allegation set forth in Paragraphs 1 through 166 of these counterclaims, and the allegations set forth in its Affirmative Defenses, as though fully set forth herein.

168.   An actual and justiciable controversy exists between Broadcom and Rambus with respect to the unenforceability of the '858 Patent because Rambus has brought an action against Broadcom alleging that Broadcom infringes the '858 Patent and alleging that the '858 Patent is valid and enforceable, allegations that Broadcom denies.   Absent a declaration of unenforceability,

Rambus will continue to wrongfully assert the '858 Patent against Broadcom, and thereby cause Broadcom irreparable injury and damage.

169.    The '858 Patent is unenforceable based upon, without limitation, the doctrines of estoppel, acquiescence, waiver, unclean hands, laches, patent misuse, patent exhaustion, and first sale, and Broadcom is entitled to a declaration to that effect.

### FIFTY-FIFTH COUNTERCLAIM
### (Declaratory Judgment of Non-Infringement of the '494 Patent)

170.    Broadcom repeats and realleges each allegation set forth in Paragraphs 1 through 169 of these counterclaims as though fully set forth herein.

171.    An actual and justiciable controversy exists between Broadcom and Rambus with respect to the non-infringement of the '494 Patent because Rambus has brought an action against Broadcom alleging that Broadcom infringes the '494 Patent and alleging that the '494 Patent is valid and enforceable, allegations that Broadcom denies.   Absent a declaration of non-infringement, Rambus will continue to wrongfully assert the '494 Patent against Broadcom, and thereby cause Broadcom irreparable injury and damage.

172.    Broadcom has not infringed and does not infringe any valid and/or enforceable claim of the '494 Patent, either directly or indirectly, literally, under the doctrine of equivalents, willfully or otherwise, and Broadcom is entitled to a declaration to that effect.

### FIFTY-SIXTH COUNTERCLAIM
### (Declaratory Judgment of Invalidity of the '494 Patent)

173.    Broadcom repeats and realleges each allegation set forth in Paragraphs 1 through 172 of these counterclaims as though fully set forth herein.

174.    An actual and justiciable controversy exists between Broadcom and Rambus with respect to the invalidity of the '494 Patent because Rambus has brought an action against Broadcom alleging that Broadcom infringes the '494 Patent and alleging that the '494 Patent is

1   valid and enforceable, allegations that Broadcom denies.  Absent a declaration of invalidity,

2   Rambus will continue to wrongfully assert the '494 Patent against Broadcom, and thereby cause

3   Broadcom irreparable injury and damage.

4       175.    The '494 Patent is invalid under the provisions of 35 U.S.C. § 101, *et seq.*,

5   including without limitation §§ 102, 103, and 112, and Broadcom is entitled to a declaration to

6

7   that effect.

8                   **FIFTY-SEVENTH COUNTERCLAIM**
    **(Declaratory Judgment of Unenforceability of the '494 Patent)**

9       176.    Broadcom repeats and realleges each allegation set forth in Paragraphs 1 through

10  175 of these counterclaims, and the allegations set forth in its Affirmative Defenses, as though

11

12  fully set forth herein.

13      177.    An actual and justiciable controversy exists between Broadcom and Rambus with

14  respect to the unenforceability of the '494 Patent because Rambus has brought an action against

15  Broadcom alleging that Broadcom infringes the '494 Patent and alleging that the '494 Patent is

16  valid and enforceable, allegations that Broadcom denies.  Absent a declaration of unenforceability,

17  Rambus will continue to wrongfully assert the '494 Patent against Broadcom, and thereby cause

18

19  Broadcom irreparable injury and damage.

20      178.    The '494 Patent is unenforceable based upon, without limitation, the doctrines of

21  estoppel, acquiescence, waiver, unclean hands, laches, patent misuse, patent exhaustion, and first

22  sale, and Broadcom is entitled to a declaration to that effect.

23

24                          **PRAYER FOR RELIEF**

25  Broadcom respectfully prays for the following relief:

26  A.      That Plaintiff takes nothing by its Complaint;

27

28

B.     That the Court dismiss each and every claim in Plaintiff's Complaint with prejudice;

C.     That the Court find and enter a judgment declaring that no claim of the Asserted Patents is infringed or has been infringed by Broadcom;

D.     That the Court find and enter a judgment declaring the Asserted Patents to be invalid under 35 U.S.C. §§ 101, 102, 103, and/or 112;

E.     That the Court find and enter a judgment that the Asserted Patents are unenforceable under the doctrines of estoppel, acquiescence, waiver, unclean hands, laches, patent misuse, patent exhaustion, and first sale, and/or other equitable theories;

F.     That the Court find and enter a permanent injunction restraining Plaintiff and its respective, officers, partners, employees, agents, parents, subsidiaries, and affiliates, and any other persons acting on its behalf or in concert with it, from suing or threatening to sue for infringement of the Asserted Patents on the basis of the making, using, selling, offering for sale, or importing of any Broadcom product or service;

G.     That the Court find and enter a judgment declaring that this is an exceptional case justifying award of attorney fees against Plaintiff pursuant to 35 U.S.C. § 285 and that the Court grant Broadcom its reasonable attorneys fees incurred in the prosecution and defense of this action;

H.     That Plaintiff be ordered to pay all costs associated with this action; and

I.     That the Court award Broadcom such other and further relief as the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38, Broadcom hereby demands a jury trial in this action.

DATED: January 26, 2011

QUINN EMANUEL URQUHART &
SULLIVAN, LLP


By  _/s/ Gillian W. Thackray_
      Gillian W. Thackray

*Attorneys for Defendant and Counterclaimant
Broadcom Corporation*

QUINN EMANUEL URQUHART &
SULLIVAN, LLP
   Charles K. Verhoeven (SBN 170151)
   Sean S. Pak (SBN 219032)
   Gillian W. Thackray (SBN 196756)
50 California Street, 22nd Floor
San Francisco, California  94111-4788
Telephone:     (415) 875-6600
Facsimile:      (415) 875-6700